UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILD FISH CONSERVANCY, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>BARRY THOM, in his official capacity as Regional Administrator of the National Marine Fisheries Service; CHRIS OLIVER, in his official capacity as the Assistant Administrator for Fisheries of the National Marine Fisheries Service; NATIONAL MARINE FISHERIES SERVICE; WILBUR ROSS, JR., in his official capacity as Secretary of the United States Department of Commerce; and UNITED STATES DEPARTMENT OF COMMERCE,<br><br>Defendants.<br>and<br><br>ALASKA TROLLERS ASSOCIATION,<br><br>Intervenor-Defendant Applicant. | No. 2:20-cv-0417-MLP<br><br>**UNOPPOSED MOTION TO INTERVENE BY ALASKA TROLLERS ASSOCIATION**<br><br>**NOTING DATE: April 23, 2020** |

## I. MOTION TO INTERVENE

Pursuant to Fed. R. Civ. P. 24(a), Alaska Trollers Association, organized in Alaska as a non-profit trade association for professional salmon trollers and salmon-related businesses, respectfully moves to intervene as of right as Defendant in the action brought by Plaintiff Wild Fish Conservancy. In the alternative, Alaska Trollers Association moves to intervene

UNOPPOSED MOTIONTO INTERVENE BY ALASKA TROLLERS ASSOCIATION (2:20-cv-0417-MLP)
Page 1

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100          43V6627

permissively as Defendant pursuant to Fed. R. Civ. P. 24(b). Counsel for Alaska Trollers Association conferred with counsel for Plaintiff and Defendants and they stated they will not oppose this Motion to Intervene in this action. Plaintiff Wild Fish Conservancy does not oppose the requested intervention but requests the setting of appropriate conditions. *See* Fed. R. Civ. P. 24(a) Advisory Committee Note on 1966 Amendment ("An intervention of right under the amended rule may be subject to appropriate conditions . . . ."). Specifically, the Conservancy requests that the intervention order extend the page limits of LCR 7 for the Conservancy when responding/replying to two separate briefs filed by Federal Defendants and Intervenor by an additional 66% of the applicable limit (e.g., for a brief with a 12-page limit, an additional eight pages would be permitted). Intervenor-Defendant Applicant agreed with that condition while Defendants took no position on the Motion to Intervene or on the Plaintiff's requested page extension proposal. Accordingly, this Motion to Intervene is unopposed, but the proposed Order granting intervention provides for the eight-page extension requested by Plaintiff and agreed to by Intervenor-Defendant Applicant.

## II. INTRODUCTION

On March 18, 2020, Wild Fish Conservancy ("WFC") filed a Complaint in this Court against the National Marine Fisheries Service ("NMFS") and its Regional Administrator Barry Thom, as well as Wilbur Ross, the Secretary of Commerce, the federal cabinet department in which NMFS is housed. The Complaint contends that NMFS has violated Section 7 of the Endangered Species Act ("ESA") and its implementing regulations "by adopting and implementing the 2019 SEAK BiOp and its incidental take statement and by continuing to authorize and mange salmon fisheries in the Exclusive Economic Zone (EEZ) of Alaska without ensuring that such fisheries will not jeopardize the continued existence of the endangered Southern Resident Killer Whale…". The Complaint further alleges that Defendants violated the ESA and National Environmental Policy Act ( " NEPA " ). Plaintiff seeks a declaration that the Defendants have violated Section 7 of the ESA, as alleged, and seeks a mandatory injunction

UNOPPOSED MOTIONTO INTERVENE BY ALASKA TROLLERS ASSOCIATION (2:20-cv-0417-MLP)
Page 2

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100                43V6627

from the Court "… setting aside NMFS's 2019 SEAK BiOp and incidental take statement … and enjoining" … NMFS from authorizing take associated with the salmon fisheries in the EEZ of Alaska "until NMFS complies with the ESA and NEPA and further seeks to enjoin any salmon fishery in the SEAK EEZ.

Because of the allegations in the Complaint and the remedy sought and as explained below, Applicant fully satisfies the standard for intervention as of right under Rule 24(a) of the Federal Rules of Civil Procedure. In the alternative, Applicant satisfies the standard for permissive intervention under Rule 24(b).

### III. APPLICANT

Applicant Alaska Trollers Association ("ATA") is a non-profit organization headquartered in and doing business in the State of Alaska, representing the interests of Southeast Alaska commercial salmon trollers. ATA's commercial fishing boat owner-operator members participate in the Southeast Alaska commercial troll salmon fishery, harvesting salmon for local, national and international consumers. Decl. of Amy Daugherty at ¶ 2; Decl. of Tad Fujioka at ¶ 15.

Plaintiff asks the Court to order "additional mitigation measures to reduce the risk of insufficient prey abundance and availability" for the affected orcas, and, presumably, the measures sought would include restrictions on the commercial salmon harvest. If so, ATA would be directly harmed by the remedy sought by Plaintiff. The additional mitigation measures Plaintiff asks the Court to impose will have a significant economic impact on the Applicant, its member family businesses, and on the small Southeast Alaska rural fishing-dependent communities from which they operate. The commercial salmon fishery in Southeast Alaska is one of the state's oldest and respected industries and has been long committed to sustainable harvest and fishery management policies. It supports countless family wage jobs in Southeast Alaska in coastal communities where such jobs are rare. ATA represents about 350 working commercial fishing industry business boat operations, mostly family owned and operated, which,

UNOPPOSED MOTIONTO INTERVENE BY ALASKA TROLLERS ASSOCIATION (2:20-cv-0417-MLP)
Page 3

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100          43V6627

in turn, employ directly as crew members and indirectly thousands of employees in SE Alaska. Decl. of Amy Daugherty at ¶ 2; Decl. of Paul Olson at ¶ 13.

ATA has been working for many years to mitigate, and as much as feasible avoid, the very kinds of potential conflicts between commercial fishing operations and marine mammals, including Southern Resident Killer Whales, that are complained of in this action. Decl. of Amy Daugherty at ¶ 9.

Applicant is a fishing industry-based, non-profit organization whose members use and enjoy Southeast Alaska's abundant marine resources and make all or part of their living sustainably harvesting those marine resources. ATA and its members have also been in the forefront of protecting and restoring these marine resources through habitat restoration, participation in the administrative process, and through litigation. *Id.*

Applicant and its commercial fishing family members also have a strong marine resource conservation ethic as well as significant incentives to reduce potential conflicts between commercial fishing activities and non-target marine wildlife. Applicant and its members also derive recreational, scientific, aesthetic, and other personal benefits from the existence in the wild of Southeast Alaska's marine resources (including other whales and orcas) through wildlife observation, study, and photography, as well as aesthetic enjoyment. Decl .of Amy Daugherty at ¶ 10.

Based upon Applicant's demonstrated interest in protecting marine resources (including orcas), as well as its strong incentive to minimize the potential for conflicts between commercial fisheries and other non-target marine resources (including Southern Resident Killer Whales) and their ongoing stake in the outcome of this litigation, this Court should allow its intervention.

### IV. ARGUMENT

**A. APPLICANT IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT.**

The Federal Rules of Civil Procedure provide the following:

"On timely motion, the court must permit anyone to intervene who: …. (2) Claims an interest relating to the property or transaction that is the subject of the

UNOPPOSED MOTIONTO INTERVENE BY ALASKA TROLLERS ASSOCIATION (2:20-cv-0417-MLP)
Page 4

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100          43V6627

action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest unless existing parties adequately represent that interest."

Fed. R. Civ. P. 24(a). This rule is to be "construed broadly in favor of the applicants." *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (citing *United States v. Oregon*, 913 F.2d 576, 587 (9th Cir.1990)); *see also Arakaki v. Cayetano*, 324 F.3d 1079, 1083 (9th Cir. 2003) ("Rule 24 traditionally receives liberal construction in favor of applicants for intervention."). *See also Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

An applicant for intervention as of right must demonstrate the following:

(1) the intervention application is timely; (2) the applicant has a "significant protectable interest relating to the property or transaction that is the subject of the action"; (3) "the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest"; and (4) "the existing parties may not adequately represent the applicant's interest."

*Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)). Practical considerations guide courts in applying this test. *See* Fed. R. Civ. P. 24, advisory committee's note ("If an [applicant] would be substantially affected in a practical sense by the determination in an action, he should, as a general rule, be entitled to intervene[.]"). In the present case, Applicant satisfies each of the necessary elements for intervention of right under Rule 24(a).

**B.      Applicant's Motion for Intervention Is Timely.**

If a motion for intervention is filed prior to judgment in a case, courts examine three factors to determine timeliness: (1) the stage of the proceedings at which an applicant seeks to intervene; (2) the prejudice to the existing parties if intervention is allowed; and (3) the reasons for and length of the delay. *California Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002) (citing *United States v. Washington*, 86 F.3d 1499, 1503 (9th Cir.1996)).

Under this test, Applicant's motion is clearly timely. Only about five weeks have passed

UNOPPOSED MOTION TO INTERVENE BY ALASKA TROLLERS ASSOCIATION (2:20-cv-0417-MLP)
Page 5

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100           43V6627

since WFC filed its complaint, and this action is in its early stages. No administrative record has yet been filed. As of the date of this filing, a Motion for Preliminary Injunction was just filed and is presently noted for May 8, 2020. This Motion to Intervene is, therefore, urgent. Applicant will abide by any briefing schedule set by this Court and does not anticipate seeking any independent discovery. Nor does Applicant anticipate inserting any new causes of action or new issues that would unduly delay relief. Under these circumstances, intervention will not prejudice the existing parties or delay the proceedings. *Cf. Navajo Nation v. Superior Court of State of Wash. for Yakima County*, 47 F. Supp. 2d 1233, 1245 (E.D. Wash. 1999) (allowing Yakima Nation to intervene eight months after the complaint was filed, even though additional discovery and delay was anticipated, because "discovery has not been completed and a trial date has not yet been set.").

**C.     Applicant Has a Significant Interest in the Subject Matter of This Action.**

Rule 24(a) requires an applicant for intervention to possess a significant interest relating to the property or transaction that is the subject matter of the litigation. This "interest test" is not a rigid standard. *Fresno County v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980). Rather, it is "a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Id.* (quoting *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967)). Thus, "[t]he requirement of a significantly protectable interest is generally satisfied when 'the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue.'" *Arakaki*, 324 F.3d at 1084 (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993)).

Applicant's members are professional commercial fishing families who hold valid fishing permits to participate in Southeast Alaska's commercial troll salmon fisheries, and do so to harvest salmon for their livelihood. Decl. of Amy Daugherty at ¶ 2; Decl. of Tad Fujioka at ¶ 3. There is thus a clear relationship between the Applicant's members' legally protected interests in making their living by salmon fishing and the Plaintiff's request that this Court order "prey

UNOPPOSED MOTIONTO INTERVENE BY ALASKA TROLLERS ASSOCIATION (2:20-cv-0417-MLP)
Page 6

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100         43V6627

abundance and availability for Southern Resident killer whales." In effect, Plaintiff seeks to further limit Southeast Alaska's salmon harvests. It is well accepted that such an economic interest is sufficient for purposes of intervention. *See, The Wilderness Society v. U.S. Forest Service*, 630 F.3d 1173, 1179 (9th Cir. 2011 (*en banc*)).

Applicant's missions include preservation and restoration of habitat for commercially fished species, as well as promoting biological and economic sustainability in all commercial fisheries. Decl. of Amy Daugherty at ¶¶ 4-9. The Applicant has already played a central role in efforts to reduce (and as much as feasible, to eliminate), conflicts between commercial ocean fishing gear and marine mammals. For example, ATA and its members have submitted comments to federal and state agencies on these issues, have provided testimony and evidence in government hearings, and have worked closely with government agencies as part of efforts to protect salmon and their habitat and ensure the fishery is environmentally sustainable. Decl. of Amy Daugherty at ¶¶ 5-9. It is also well accepted that such conservation interests are sufficient for purposes of intervention. *See Sagebrush Rebellion*, 731 F.2d at 526-28 (finding environmental groups' "environmental, conservation and wildlife interests" sufficient for intervention as a matter of right). Applicant's economic and livelihood interests in the Southeast Alaska commercial troll salmon fishery that Plaintiff seeks to curtail, and also its own long-term conservation efforts to limit other conflict problems with marine sea life generally, both would satisfy the "protectable interest" requirement of Rule 24(a). *See also U.S. v. Aerojet General Corporation*, 606 F.3d 1142, 1149 (9th Cir. 2010).

**D.    Applicant's Interest May Be Impaired As a Result of This Litigation.**

An applicant for intervention as of right must be "so situated that disposing of the action <u>may</u> as a practical matter impair or impede the applicant's ability to protect its interest." Fed. R. Civ. P. 24(a) (emphasis added). This impairment requirement should be viewed "as a practical matter" and "is not limited to consequences of a strictly legal nature." *Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489, 1498 (9th Cir. 1995) (quoting *Natural Res.*

UNOPPOSED MOTION TO INTERVENE BY ALASKA TROLLERS ASSOCIATION (2:20-cv-0417-MLP)
Page 7

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100          43V6627

*Defense Council, Inc. v. United States Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978)); *see also* Fed. R. Civ. P. 24, advisory committee's notes. ("If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.").

Here, Applicant easily meets the third requirement for intervention as of right. WFC filed its Complaint for the express purpose, among other relief, of curtailing <u>or closing down</u> commercial ocean salmon fishing in southeast Alaska under the ESA. Should Plaintiff succeed, many of Applicant's commercial fisher members' economic interests in the harvest and marketing of salmon would greatly suffer as a direct result. Decl. of Paul Olson at ¶ 19; Decl. of Tad Fujioka at ¶¶ 13-15. Such a potential economic injury is clearly sufficient to satisfy the "impairment" requirement for intervention as of right. *See U.S. v. Alisal Water Corporation*, 370 F.3d 915, 919, 58 Fed. R. Serv. 3d 562 (9th Cir. 2004 ("to trigger a right to intervene … an economic interest must be concrete and related to the underlying subject matter of the action.")

### E. <u>Applicant's Interests Are Not Adequately Represented.</u>

The final requirement for intervention as of right is a showing that the existing parties to the litigation may not adequately represent Applicant's interests. *See, e.g., Prete, supra*, 438 F.3d at 956 (9th Cir. 2006). In determining whether Applicant's interests are adequately represented by the present parties, this Court should consider "'whether [a present party] will <u>undoubtedly</u> make all of the intervenor's arguments, whether [a present party] is capable of and willing to make such arguments, and whether the intervenor offers a necessary element to the proceedings that would be neglected.'" *Id.* (quoting *Sagebrush Rebellion*, 713 F.2d at 528) (brackets in original) (emphasis added). To satisfy this fourth requirement, an intervenor need only make the "minimal" showing "'that representation of its interests 'may be' inadequate . . . .'" *Id.* (quoting *Sagebrush Rebellion*, 713 F.2d at 528) (ellipses in original). In determining whether an applicant's interests are adequately represented, this Court should focus on "the 'subject of the action,' not just the particular issues before the court at the time of the motion." *Southwest*

UNOPPOSED MOTIONTO INTERVENE BY ALASKA TROLLERS ASSOCIATION (2:20-cv-0417-MLP)
Page 8

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100            43V6627

*Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 823 (9th Cir. 2001).

In the present case, none of the present parties adequately represents Applicant's interests. WFC has already petitioned the court to order further mitigation measures to increase prey (salmon) abundance, which can only mean further curtailment of the Southeast Alaska ocean troll salmon fishery. The National Marine Fisheries Service ("NMFS"), on the other hand, is the regulatory agency with primary responsibility for enforcing the Endangered Species Act ("ESA") in ocean water fisheries, but does not have the first-hand experience or knowledge that the hands-on commercial fishing participants have about what will, as a practical matter, work (or not work) as to gear modification, time and area limitations and other potential mitigation measures to help reduce these conflicts, and thus to represent fishing industry interests as effectively and knowledgeably as the commercial fishing men and women themselves. Accordingly, neither Plaintiff nor federal Defendants adequately represent Applicant's interests in the subject matter of this litigation. This is more than sufficient for intervention. *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 538 n. 10, 92 S. Ct. 630, 30 L. Ed. 2d 686, 15 Fed R. Serv. 2d 1083 (1972).

## V. APPLICANT SATISFIES STANDARDS FOR PERMISSIVE INTERVENTION.

As detailed above, Applicant meets all of the requirements for intervention as of right under Rule 24(a). However, if this Court denies Applicant's intervention as of right, Applicant should alternatively be granted permission to intervene under Rule 24(b). This Rule provides for permissive intervention when an applicant "has a claim or defense that shares with the main action a common question of fact or law." Fed. R. Civ. P. 24(b). In determining whether to allow permissive intervention, this Court should consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id*., 24(b)(3). In addition, this Court should examine whether Applicant's participation "will significantly contribute . . . to the just and equitable adjudication of the legal questions presented." *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

UNOPPOSED MOTIONTO INTERVENE BY ALASKA TROLLERS ASSOCIATION (2:20-cv-0417-MLP)
Page 9

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100          43V6627

Here, as discussed above, Applicant's intervention will not cause any delay or prejudice the existing parties to the case. In addition, Applicant's expertise in the science and practical mechanics surrounding salmon fisheries could well contribute to the resolution of this case. Given the importance of the issues involved in this case, the stake Applicant has in the fate of these valuable fisheries, and the early stage of the litigation, this Court should, in the alternative, allow its permissive intervention. The courts have adopted a liberal policy in favor of intervention, recognizing that intervention can foster judicial efficiency by preventing or simplifying future litigation involving related issues. *City of Los Angeles*, 288 F.3d at 397-98. Here, the interests of judicial economy and efficiency are furthered through consideration of ATA's interests and, consequently, granting intervention is appropriate.

## VI. CONCLUSION

Applicant respectfully asks the Court to allow intervention as of right under Rule 24(a) because (1) Applicant's motion to intervene is timely, and Applicant will abide by any briefing schedule set by the Court; (2) Applicant has a significant interest in the subject matter of this case; (3) Applicant's interest may be impaired if intervention is not allowed; and (4) none of the existing parties adequately represent Applicant's interests. However, if the Court decides that the Applicant has not satisfied the requirements of Rule 24(a), Applicant asks the Court to exercise its broad discretion and allow Applicant to intervene pursuant to Rule 24(b). Such an exercise of discretion is justified because inclusion of Applicant will not delay the case or prejudice the existing parties and may facilitate prompt resolution of this controversy.

## CONSULTATIONS WITH COUNSEL

Prior to this filing, Counsel for the Applicant has consulted with the lead Counsel for the Wild Fish Conservancy ("WFC") as Plaintiff and with Fred Turner and Coby Howell, counsel for Defendants. As set forth at the beginning of this Motion, Plaintiff Wild Fish Conservancy does not oppose the requested intervention but requests the setting of appropriate conditions. *See* Fed. R. Civ. P. 24(a) Advisory Committee Note on 1966 Amendment ("An intervention of right

UNOPPOSED MOTION TO INTERVENE BY ALASKA TROLLERS ASSOCIATION (2:20-cv-0417-MLP)
Page 10

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100          43V6627

under the amended rule may be subject to appropriate conditions . . . ."). Specifically, the Conservancy requests that the intervention order extend the page limits of LCR 7 for the Conservancy when responding/replying to two separate briefs filed by Federal Defendants and Intervenor by an additional 66% of the applicable limit (e.g., for a brief with a 12-page limit, an additional eight pages would be permitted). Defendants stated they would "take no position" on this motion or the requested page extension. Accordingly, this Motion is unopposed, and the Proposed Order granting intervention includes the Reply brief-page extension requested by Plaintiff.

DATED: April 23, 2020.

*s/ Thane W. Tienson*
Thane W. Tienson, WSBA #13310
Email: ttienson@lbblawyers.com
*Attorneys for Intervenor-Defendant Applicant Alaska Trollers Association*

UNOPPOSED MOTION TO INTERVENE BY ALASKA TROLLERS ASSOCIATION (2:20-cv-0417-MLP)
Page 11

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100         43V6627

# CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2020, I served the foregoing UNOPPOSED MOTION TO INTERVENE BY ALASKA TROLLERS ASSOCIATION on the following individual(s):

Brian A. Knutsen
Kampmeier & Knutsen, PLLC
221 SE 11th Avenue, Suite 217
Portland, OR 97214
Tel: (503) 841-6515
Email: brian@kampmeierknutsen.com

Paul A. Kampmeier
Kampmeier & Knutsen, PLLC
811 First Avenue, Suite 468
Seattle, WA 98104
Tel: (206) 858-6983
Email: paul@kampmeierknutsen.com

Eric A. Lindberg
Corr Cronin, LLP
1001 Fourth Avenue, Suite 3900
Seattle, WA 98154
Tel: (206) 625-8600
Email: elindberg@corrcronin.com

Frederick H. Turner
Trial Attorney, U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
4 Constitution Square, 150 M Street NE
Washington, DC 20002
Tel: (202) 305-0641/(202) 532-3076 (mobile)
Email: frederick.turner@usdoj.gov

Carter Howell
US Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
c/o US Attorney's Office
1000 SW 3rd Avenue, Suite 600
Portland, OR 97204
Tel: (503) 727-1023
coby.howell@usdoj.gov

☒ by the Court's CM/ECF system to the email addresses listed above
☐ by facsimile pursuant to the fax numbers listed above
☐ by email to the email addresses listed above
☐ by overnight delivery to the addresses listed above
☐ by first class mail to the addresses listed above.

*s/ Kathy Baker*
Kathy Baker, Legal Assistant to Thane W. Tienson
Attorneys for Intervenor-Defendant Applicant
Alaska Trollers Association

Page 1 - CERTIFICATE OF SERVICE