The Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILD FISH CONSERVANCY, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>BARRY THOM, in his official capacity as Regional Administrator of the National Marine Fisheries Service; CHRIS OLIVER, in his official capacity as the Assistant Administrator for Fisheries of the National Marine Fisheries Service; NATIONAL MARINE FISHERIES SERVICE; WILBUR ROSS, JR., in his official capacity as Secretary of the United States Department of Commerce; and UNITED STATES DEPARTMENT OF COMMERCE,<br><br>Defendants.<br>and<br><br>ALASKA TROLLERS ASSOCIATION,<br><br>Intervenor-Defendant. | No. 2:20-cv-0417-MLP<br><br>**INTERVENOR-DEFENDANT ALASKA TROLLERS ASSOCIATION'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Intervenor-Defendant Alaska Trollers Association (hereinafter "Intervenor") hereby answers Plaintiff's Complaint ("Complaint") (Dkt. 1) filed on March 18, 2020, as set forth below:

**I.  INTRODUCTION**

1. Admit, but 1995 was the year of the highest recorded population of Southern Resident Killer Whales (SRKW) since 1977 when regular counts began. The population then

INTERVENOR-DEFENDANT'S ANSWER TO COMPLAINT
(2:20-cv-0417-MLP)
Page 1

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100          43V6756

declined, but it has remained steady for many years and most recent data shows a slowly increasing population.

2. In response to paragraphs 2 through 4 of the Complaint, inclusive, Intervenor has insufficient information and knowledge with which to form a belief regarding individual past members of the Southern Resident Killer Whales (SRKW) and therefore denies those allegations. Intervenor admits that the availability of salmon in some areas of the SRKW range may be one of the many factors affecting these whales, depending upon where they are and at what times. The balance of paragraphs 2-4 contain conclusory statements and qualitative assessments, which Intervenor disputes or has insufficient knowledge and information with which to form a belief and therefore denies those allegations. There is considerable debate in the scientific literature over which factors "most affect" and have "reproductive success" for the SRKW population. For instance, several studies note that whales in this population have bioaccumulated extremely large amounts of PCBs and other contaminants and toxins within their bodies that directly and adversely affect reproductive success. Other studies note that this SRKW population has declined since its peak as a result of the cumulative (and often synergistic) effects of multiple factors, not one of which is necessarily determinative and which operates over both short- and long-term timeframes, not the least of which was the capture/death of approximately 275 SRKW in the 1960s and 1970s. Other studies suggest there is a lack of female SRKWs and too much marine mammal competition for Chinook from other marine mammal populations including seals, Northern Resident Killer Whales and Stellar Sea Lions. Intervenor denies there is a correlation between Chinook abundance and the SRKW population.

3. In response to paragraph 5 of the Complaint, Intervenor believes that the allegations made in the first two sentences are generally correct, but denies the remainder of the paragraph. Plaintiff, however, omits the fact that the fishery management process for salmon is conducted on an annual cycle basis and uses, and has used, the best available scientific information each year to assess and manage the fisheries within its jurisdiction, including

INTERVENOR-DEFENDANT'S ANSWER TO COMPLAINT
(2:20-cv-0417-MLP)
Page 2

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100         43V6756

annually assessing and mitigating the impacts of those fisheries on SRKW and other ESA-listed marine species. Intervenor denies that the Pacific Salmon Treaty actually sets an upper limit on harvest.

4. Intervenor admits paragraph 6.

5. Intervenor denies paragraph 7. The allegations made are merely conclusory characterizations of Plaintiff's arguments that are based upon Plaintiff's prior conclusory statements, summaries or conclusions of law, none of which have yet been proven. Intervenor disputes that the closure of the troll salmon fishery conducted in the exclusive economic zone (EEZ) of southeast Alaska will contribute to recovery of the Chinook salmon evolutionary significant units that are listed as threatened under the ESA. Chinook salmon migrate in the millions throughout thousands of miles of ocean coastline, in multiple regions, although they spend the vast majority of their life span in Alaska waters. The relatively small number of Chinook salmon commercially harvested in the EEZ of southeast Alaska bears little to no relationship to the number of Chinook salmon listed under the ESA, especially for Puget Sound salmon.

6. Paragraph 8 of the Complaint contains allegations that purport to be statements from the 2019 SEAK Biological Opinion (BiOp). The actual BiOp speaks for itself and requires no response. Intervenor denies that the harvest of Chinook salmon in the southeast Alaska troll fishery contributed to any problem with SRKW growth rates. Further, characterizations of statements made within the 2019 SEAK BiOp are taken out of context and are misleading or constitute conclusions of law, none of which have, as yet, been proven. Intervenor therefore denies those allegations.

7. Intervenor denies paragraphs 9-13 of the Complaint.

**II. PARTIES**

8. Paragraphs 14-19 contain allegations about Plaintiff Wild Fish Conservancy and its members. Intervenor has insufficient knowledge and information with which to form a belief

INTERVENOR-DEFENDANT'S ANSWER TO COMPLAINT
(2:20-cv-0417-MLP)
Page 3

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100            43V6756

and therefore denies those allegations.

9. Paragraphs 20-24 are allegations concerning the identity of the Defendants and their respective roles and responsibilities concerning fisheries management and duties. To the extent those allegations contain conclusions of law, no response is required. Any allegations that are not conclusions of law appear to be generally correct and are admitted.

**III. JURISDICTION AND VENUE**

10. Paragraphs 25 and 26 of the Complaint contain allegations to which no response is required because the allegations purport to be statements, summaries, or conclusions of law, or characterizations of Plaintiff's legal contentions and are denied on that basis.

11. Paragraph 27's conclusory statements and facts concerning Defendant's actions are denied. Further, Intervenor denies that the Western District of Washington is the most appropriate venue for this action.

**IV. FACTS**

12. Paragraphs 28-63 purport to be statements of provisions of the Endangered Species Act (ESA), the National Environmental Policy Act (NEPA), the Magnuson-Stevens Act and the Administrative Procedure Act (APA), as well as statements about certain provisions of either applicable statutes within those Acts or regulations adopted under the Acts or from decisions that have interpreted them from various courts. As they are all conclusions of law, no response to these allegations is required. Further, because the allegations are incomplete; i.e., they do not set forth all of the provisions of the various federal Acts, regulations or cited cases, they are necessarily selective and misleading insofar as they imply or suggest that there are no other provisions in the law, regulations, or case law that further elaborate upon, supplement, modify or even contravene allegations made and for that reason as well they are denied.

13. Intervenor admits paragraphs 64 and 65.

14. Paragraph 66 appears to accurately state what is generally known about the historic migratory patterns of the SRKW, but Intervenor has insufficient knowledge and

INTERVENOR-DEFENDANT'S ANSWER TO COMPLAINT
(2:20-cv-0417-MLP)
Page 4

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100      43V6756

information upon which to form a belief as to whether the allegations made remain factually accurate or have been scientifically proven to be true or may have changed. Intervenor therefore denies paragraph 66.

15. Paragraph 67 is a partial characterization of the 2008 ESA Recovery Plan for SRKW, but because the characterizations made are selective and incomplete, the characterization of the Plan generally is misleading and is therefore denied.

16. Intervenor admits the first sentence of paragraph 68, but has insufficient knowledge or information upon which to form a belief and therefore denies the remaining two sentences, especially since they are conclusory and argumentative.

17. Paragraph 69 is argumentative and contains allegations about the responsibilities and actions of NMFS and other federal agencies and is therefore denied.

18. Intervenor admits that the various populations of killer whales, including the southern resident population, have distinctive characteristics, but otherwise denies paragraph 70.

19. Intervenor denies paragraphs 71, 72, and 73, especially to the extent that allegations made in those paragraphs are intended to suggest that all scientists who have participated in studies of the SRKW or any aspect of its life cycle, status, and health are in agreement. They are not.

20. Intervenor admits that Chinook salmon are the largest Pacific salmon, but otherwise denies paragraph 74.

21. Intervenor admits paragraphs 75-79 and 82. Intervenor has insufficient information and knowledge upon which to form a belief and therefore denies paragraphs 80 and 81.

22. Intervenor denies paragraph 83.

23. Paragraphs 84 is a conclusion of law relating to the 2018 Fishery Management Plan and the Pacific Salmon Treaty to which no response is required.

24. Intervenor denies paragraph 85-87.

INTERVENOR-DEFENDANT'S ANSWER TO COMPLAINT
(2:20-cv-0417-MLP)
Page 5

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100            43V6756

25. Intervenor admits paragraphs 88-89.

26. Intervenor admits paragraph 90.

27. Intervenor admits the first sentence of paragraph 91, but denies the remainder of paragraph 91.

28. Paragraph 92 is argumentative, false in part, selective in its allegations, conclusory and misleading. Intervenor accordingly denies paragraph 92.

29. Intervenor denies paragraph 93.

30. Intervenor admits that the 2019 SEAK BiOp and incidental take statement authorizes incidental take of some ESA listed species from fisheries in the EEZ of southeast Alaska. Except as so admitted, paragraph 94 is denied.

31. Intervenor denies paragraph 95.

32. Paragraphs 96, 97, and 98 are conclusory and selective characterizations of the 2019 SEAK BiOp. They are misleading and are therefore denied.

33. Intervenor denies paragraphs 99-108.

34. Intervenor admits the first two sentences of paragraph 109, but has insufficient knowledge or information upon which to form a belief and therefore denies the remainder of paragraph 109.

35. Intervenor denies paragraphs 110-112.

36. Intervenor has insufficient knowledge or information upon which to form a belief and therefore denies paragraph 113.

37. Intervenor denies paragraphs 114-119 of Plaintiff's Complaint.

38. In the remaining allegations of the Complaint, Plaintiff sets forth its prayer for relief to which no response is required. However, Intervenor denies that any of the requested relief would redress the alleged harms complained of by Plaintiff.

39. Defendants and other government agencies in the US and Canada and other persons and entities are actively engaged in pursuing measures to preserve, protect and enhance

INTERVENOR-DEFENDANT'S ANSWER TO COMPLAINT
(2:20-cv-0417-MLP)
Page 6

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100                    43V6756

the existing SRKW population. Any court-ordered additional mitigation matters would be counterproductive and inflict severe economic suffering and job losses on southeast Alaska coastal fishing families and the communities in which they live far out of proportion to any conservation benefits for SRKW population that a widespread fishery closure in southeast Alaska would provide. The balance of harms would certainly not favor such an injunction. Both Washington state and British Columbia, where the SRKW population feeds part of each year, have already taken major steps to protect SRKW habitat and to provide additional Chinook salmon through special hatchery and outplanting programs, which will benefit the SRKW population. Additional actions have been recently legislated in Washington State to reduce vessel noise and other sources of noise pollution on SRKW, as well as to reduce the amount of pollutants the SRKW population is exposed to, both factors that cannot be addressed through fisheries management alone. In short, multiple actions to benefit SRKW and to improve their chances of survival are already being undertaken, with far better long-term results likely to be achieved from these actions than any reductions in the southeast Alaska troll fishery could provide.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's claims are barred based upon lack of subject matter jurisdiction.

2. Plaintiff's claims are barred for failure to allege sufficient facts and state claims upon which relief can be granted.

3. Venue is improper.

4. Plaintiff's claims are barred because Plaintiff has failed to join parties under Rule 19.

5. Plaintiff lacks standing.

WHEREFORE, Defendant-Intervenor Alaska Trollers Association prays for judgment against the Plaintiff and for its costs and disbursements incurred herein and for such other and

///

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100
43V6756

further relief as the Court deems just and equitable.

Dated this 28th day of April 2020.

*s/ Thane W. Tienson*
Thane W. Tienson, WSBA #13310
Email: ttienson@lbblawyers.com
*Attorneys for Intervenor-Defendant*
*Alaska Trollers Association*

INTERVENOR-DEFENDANT'S ANSWER TO COMPLAINT
(2:20-cv-0417-MLP)
Page 8

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100

43V6756

# CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2020, I served the foregoing INTERVENOR-DEFENDANT ALASKA TROLLERS ASSOCIATION'S ANSWER TO PLAINTIFF'S COMPLAINT on the following individual(s):

Brian A. Knutsen
Kampmeier & Knutsen, PLLC
221 SE 11th Avenue, Suite 217
Portland, OR 97214
Tel: (503) 841-6515
Email: brian@kampmeierknutsen.com

Paul A. Kampmeier
Kampmeier & Knutsen, PLLC
811 First Avenue, Suite 468
Seattle, WA 98104
Tel: (206) 858-6983
Email: paul@kampmeierknutsen.com

Eric A. Lindberg
Corr Cronin, LLP
1001 Fourth Avenue, Suite 3900
Seattle, WA 98154
Tel: (206) 625-8600
Email: elindberg@corrcronin.com

Frederick H. Turner
Trial Attorney, U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
4 Constitution Square, 150 M Street NE
Washington, DC 20002
Tel: (202) 305-0641/(202) 532-3076 (mobile)
Email: frederick.turner@usdoj.gov

Carter Howell
US Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
c/o US Attorney's Office
1000 SW 3rd Avenue, Suite 600
Portland, OR 97204
Tel: (503) 727-1023
coby.howell@usdoj.gov

☒ by the Court's CM/ECF system to the email addresses listed above
☐ by facsimile pursuant to the fax numbers listed above
☐ by email to the email addresses listed above
☐ by overnight delivery to the addresses listed above
☐ by first class mail to the addresses listed above.

*s/ Kathy Baker*
Kathy Baker, Legal Assistant to Thane W. Tienson
Of Attorneys for Intervenor-Defendant Alaska Trollers Association

INTERVENOR-DEFENDANT'S ANSWER TO COMPLAINT
(2:20-cv-0417-MLP)
Page 9

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100          43V6756