HONORABLE MICHELLE L. PETERSON

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| WILD FISH CONSERVANCY, | Case No. 2:20-cv-417-RAJ-MLP |
| Plaintiff, | DEFENDANTS' ANSWER |
| v. | |
| BARRY THOM, *et al.*, | |
| Defendants, | |
| and | |
| ALASKA TROLLERS ASSOCIATION, | |
| Defendant-Intervenor. | |

*Defendants' Answer*
Case No. 2:20-CV-417-RAJ-MLP

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0641

Defendants Barry Thom, in his official capacity as Regional Administrator of the National Marine Fisheries Service (NMFS); Chris Oliver, in his official capacity as Assistant Administrator of NMFS; NMFS; Wilbur Ross, in his official capacity as the Secretary of the U.S. Department of Commerce; and the U.S. Department of Commerce (collectively, Defendants) by and through its undersigned counsel, hereby answer the claims and allegations made by Plaintiff in the Complaint (Dkt. # 1). All allegations of the Complaint that are not specifically admitted, denied, or qualified are hereby expressly denied.

1.      Defendants admit the allegations contained in Paragraph 1.

2.      In response to the allegations contained in the first sentence of Paragraph 2, Defendants admit that a Southern Resident killer whale (SRKW) carried her dead calf, but aver that the calf was female. The remaining allegations contained in the first sentence of Paragraph 2 are too vague and ambiguous to permit a response, and Defendants deny them on that basis. In response to the allegations contained in the second sentence of Paragraph 2, Defendants admit that the SRKW known as Scarlet disappeared, but aver that she was not of reproductive age. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in the second sentence of Paragraph 2, and deny the allegations on that basis. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 2, and deny the allegations on that basis.

3.      Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, and deny the allegations on that basis.

4.      In response to the allegations contained in Paragraph 4, Defendants aver that the three most important limiting factors appear to be prey quantity and quality, disturbance from

*Defendants' Answer*
Case No. 2:20-CV-417-RAJ-MLP          1

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0641

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

sound and vessels, and toxic contaminants. Defendants deny the remaining allegations contained in Paragraph 4.

5.      In response to the allegations contained in the first sentence of Paragraph 5, Defendants admit that the Secretary of Commerce has delegated to NMFS the authority to regulate fisheries in the Exclusive Economic Zone (EEZ). The remaining allegations contained in the first sentence of Paragraph 5 are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny each allegation. In response to the allegations contained in the second sentence of Paragraph 5, Defendants admit that Chinook salmon are migratory and cross borders. The remaining allegations contained in the second sentence of Paragraph 5 purport to characterize the Pacific Salmon Treaty (PST), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the PST's plain language, context, or meaning. The allegations contained in the third, fourth, and fifth sentences of Paragraph 5 purport to characterize the PST, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the PST's plain language, context, or meaning. The allegations contained in the sixth sentence of Paragraph 5 are conclusions of law, to which no response is required. To the extent that a response is required, Defendants deny each allegation.

6.      In response to the allegations contained in Paragraph 6, Defendants admit that NMFS issued a Biological Opinion (BiOp) on April 5, 2019 entitled "Endangered Species Act (ESA) Section 7(a)(2) Biological Opinion and Magnuson-Stevens Fishery Conservation and Management Act Essential Fish Habitat Response, Consultation on the Delegation of Management Authority for Specified Salmon Fisheries to the State of Alaska." The remaining allegations contained in Paragraph 6 purport to characterize the BiOp, which speaks for itself and

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0641

is the best evidence of its contents. Defendants deny any allegation inconsistent with the BiOp's plain language, context, or meaning.

7.     In response to the allegations contained in the first sentence of Paragraph 7, Defendants admit that the Puget Sound, Lower Columbia River, Upper Willamette River, and Snake River fall-run Chinook salmon are listed as threatened evolutionarily significant units (ESU). The remaining allegations contained in the first sentence of Paragraph 7 are too vague and ambiguous to permit a response, and Defendants deny them on that basis. Defendants deny the allegations contained in the second sentence of Paragraph 7.

8.     The allegations contained in Paragraph 8 purport to characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the BiOp's plain language, context, or meaning.

9.     The allegations contained in Paragraph 9 purport to characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the BiOp's plain language, context, or meaning.

10.     The allegations contained in the first, second, third, fourth, and fifth sentences of Paragraph 10 purport to characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the BiOp's plain language, context, or meaning. The allegations contained in the sixth sentence of Paragraph 10 purport to characterize unidentified data, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language, context, or meaning of the unidentified data.

*Defendants' Answer*
Case No. 2:20-CV-417-RAJ-MLP                    3

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0641

11.    The allegations contained in Paragraph 11 purport to characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the BiOp's plain language, context, or meaning.

12.    The allegations contained in Paragraph 12 purport to characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the BiOp's plain language, context, or meaning.

13.    The allegations contained in Paragraph 13 consist of characterizations of the Complaint and the relief requested, to which no response is required. To the extent that a response is required, Defendants deny each allegation.

14.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and Defendant deny them on that basis.

15.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and Defendant deny them on that basis.

16.    Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and Defendant deny them on that basis.

17.    The allegations contained in Paragraph 17 are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each allegation.

18.    The allegations contained in the first and third sentences of Paragraph 18 are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each allegation. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 18, and Defendant deny them on that basis.

*Defendants' Answer*
Case No. 2:20-CV-417-RAJ-MLP                    4

19.     The allegations contained in Paragraph 19 are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each allegation.

20.     In response to the allegations contained in the first and second sentences of Paragraph 20, Defendants admit that Barry Thom is the Regional Administrator for the West Coast Region of NMFS. The remaining allegations contained in the first and second sentences of Paragraph 20 are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each allegation. Defendants admit the allegations contained in the third sentence of Paragraph 20.

21.     In response to the allegations contained in Paragraph 21, Defendants admit that Chris Oliver is the Assistant Administrator of NMFS. The remaining allegations contained in Paragraph 21 are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each allegation.

22.     In response to the allegations contained in the first sentence of Paragraph 22, Defendants admit that the NMFS is an office within the National Oceanic and Atmospheric Administration (NOAA) and aver that NOAA is a bureau within the Department of Commerce. The remaining allegations contained in the first sentence of Paragraph 22 are too vague and ambiguous to permit a response, and Defendants deny them on that basis. In response to the allegations contained in the second sentence of Paragraph 22, Defendants admit that NMFS has been delegated authority to regulate fisheries in the EEZ. The remaining allegations contained in the second sentence of Paragraph 22 are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each allegation. Defendants admit the allegations contained in the third sentence of Paragraph 22.

*Defendants' Answer*
Case No. 2:20-CV-417-RAJ-MLP                    5

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0641

23. In response to the allegations contained in Paragraph 23, Defendants admit that Wilbur Ross is the Secretary of Commerce. The remaining allegations contained in Paragraph 23 are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each allegation.

24. Defendants admit the allegations contained in the first sentence of Paragraph 24. The allegations contained in the second sentence of Paragraph 24 are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each allegation.

25. The allegations contained in the first and second sentences of Paragraph 25 are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each allegation. In response to the allegations contained in the third sentence of Paragraph 25, Defendants admit that NMFS received a letter from Plaintiffs dated and postmarked January 9, 2020. The remaining allegations contained in the third sentence of Paragraph 25 are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each allegation. The allegations contained in the fourth sentence of Paragraph 25 purport to characterize a letter, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the letter's plain language, context, or meaning.

26. The allegations contained in Paragraph 26 are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each allegation.

27. The allegations contained in the first sentence of Paragraph 27 are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each

*Defendants' Answer*
Case No. 2:20-CV-417-RAJ-MLP                6

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0641

allegation. Defendants deny the allegations contained in the second, third, and fourth sentences of Paragraph 27.

28.     The allegations contained in Paragraph 28 appear to quote and characterize the Endangered Species Act (ESA), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the ESA's plain language, context, or meaning.

29.     The allegations contained in Paragraph 29 appear to quote and characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the ESA's plain language, context, or meaning.

30.     The allegations contained in Paragraph 30 purport to characterize NMFS and Fish and Wildlife Service (FWS) regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the plain language, context, or meaning of the NMFS and FWS regulations.

31.     The allegations contained in Paragraph 31 appear to quote and characterize the ESA and a NMFS regulation, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the plain language, context, or meaning of the ESA or the NMFS regulation.

32.     The allegations contained in Paragraph 32 appear to quote and characterize the ESA and NMFS regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the plain language, context, or meaning of the ESA or the NMFS regulations.

33.     The allegations contained in Paragraph 33 appear to quote and characterize the ESA and a NMFS regulation, which speak for themselves and are the best evidence of their

*Defendants' Answer*
Case No. 2:20-CV-417-RAJ-MLP                7

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0641

1  contents. Defendants deny any allegation inconsistent with the plain language, context, or

2  meaning of the ESA or the NMFS regulation.

3      34.    The allegations contained in Paragraph 34 appear to quote and characterize the

4  ESA, which speaks for itself and is the best evidence of its contents. Defendants deny any

5  allegation inconsistent with the ESA's plain language, context, or meaning. The allegations

6  contained in Paragraph 34 also purport to characterize a court decision, which speaks for itself

7  and is the best evidence of its contents. Defendants deny any allegation inconsistent with the

8  plain language, context, or meaning of the court decision.

9      35.    The allegations contained in Paragraph 35 appear to quote and characterize a

10  NMFS regulation, which speaks for itself and is the best evidence of its contents. Defendants

11  deny any allegation inconsistent with the plain language, context, or meaning of the NMFS

12  regulation.

13     36.    The allegations contained in Paragraph 36 appear to quote and characterize the

14  ESA and a NMFS regulation, which speak for themselves and are the best evidence of their

15  contents. Defendants deny any allegation inconsistent with the plain language, context, or

16  meaning of the ESA or the NMFS regulation.

17     37.    The allegations contained in Paragraph 37 appear to quote and characterize the

18  ESA and a NMFS regulation, which speak for themselves and are the best evidence of their

19  contents. Defendants deny any allegation inconsistent with the plain language, context, or

20  meaning of the ESA or the NMFS regulation.

21     38.    The allegations contained in Paragraph 38 appear to quote and characterize a

22  NMFS regulation, which speaks for itself and is the best evidence of its contents. Defendants

*Defendants' Answer*
Case No. 2:20-CV-417-RAJ-MLP                    8

deny any allegation inconsistent with the plain language, context, or meaning of the NMFS regulation.

39. The allegations contained in Paragraph 39 purport to characterize a NMFS regulation, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language, context, or meaning of the NMFS regulation.

40. The allegations contained in Paragraph 40 appear to quote and characterize ESA and a NMFS regulation, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the plain language, context, or meaning of the ESA or the NMFS regulation. The allegations contained in Paragraph 40 also purport to characterize a court decision, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language, context, or meaning of the court decision.

41. The allegations contained in Paragraph 41 purport to characterize the ESA and a NMFS regulation, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the plain language, context, or meaning of the ESA or the NMFS regulation.

42. The allegations contained in the first sentence of Paragraph 42 purport to characterize a court decision, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language, context, or meaning of the court decision. The allegations contained in the second sentence of Paragraph 42 appear to quote and characterize a NMFS regulation, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language, context, or meaning of the NMFS regulation.

*Defendants' Answer*
Case No. 2:20-CV-417-RAJ-MLP                    9

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0641

43.     The allegations contained in Paragraph 43 purport to characterize the National Environmental Policy Act (NEPA), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with NEPA's plain language, context, or meaning.

44.     The allegations contained in Paragraph 44 appear to quote and characterize Council on Environmental Quality (CEQ) regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the plain language, context, or meaning of the CEQ regulations.

45.     The allegations contained in Paragraph 45 appear to quote and characterize NEPA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with NEPA's plain language, context, or meaning.

46.     The allegations contained in Paragraph 46 appear to quote and characterize NEPA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with NEPA's plain language, context, or meaning.

47.     The allegations contained in Paragraph 47 appear to quote and characterize CEQ regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the plain language, context, or meaning of the CEQ regulations.

48.     The allegations contained in Paragraph 48 appear to quote and characterize a CEQ regulation, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language, context, or meaning of the CEQ regulation.

49.     The allegations contained in Paragraph 49 appear to quote and characterize CEQ regulations, which speak for themselves and are the best evidence of their contents. Defendants

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0641

deny any allegation inconsistent with the plain language, context, or meaning of the CEQ regulations.

50.     The allegations contained in Paragraph 50 appear to quote and characterize NEPA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with NEPA's plain language, context, or meaning.

51.     The allegations contained in Paragraph 51 appear to quote and characterize a CEQ regulation and a CEQ document published in the Federal Register, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the plain language, context, or meaning of the CEQ regulation or CEQ document. The allegations contained in Paragraph 51 also purport to characterize a court decision, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language, context, or meaning of the court decision.

52.     The allegations contained in Paragraph 52 appear to quote and characterize the Magnuson-Stevens Fishery Conservation and Management Act (MSA), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the MSA's plain language, context, or meaning.

53.     The allegations contained in Paragraph 53 appear to quote and characterize the MSA and a Presidential Proclamation, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the plain language, context, or meaning of the MSA or the Presidential Proclamation.

54.     The allegations contained in Paragraph 54 purport to characterize the MSA and two Department of Commerce documents, which speak for themselves and are the best evidence

*Defendants' Answer*
Case No. 2:20-CV-417-RAJ-MLP                11

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0641

of their contents. Defendants deny any allegation inconsistent with the plain language, context, or meaning of the MSA or the Department of Commerce documents.

55.     The allegations contained in Paragraph 55 purport to characterize the MSA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the MSA's plain language, context, or meaning.

56.      The allegations contained in Paragraph 56 appear to quote and characterize the MSA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the MSA's plain language, context, or meaning.

57.      The allegations contained in Paragraph 57 purport to characterize the MSA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the MSA's plain language, context, or meaning.

58.     The allegations contained in Paragraph 58 purport to characterize the MSA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the MSA's plain language, context, or meaning.

59.     The allegations contained in Paragraph 59 appear to quote and characterize the MSA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the MSA's plain language, context, or meaning.

60.     The allegations contained in Paragraph 60 purport to characterize the Administrative Procedure Act (APA), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the APA's plain language, context, or meaning.

*Defendants' Answer*
Case No. 2:20-CV-417-RAJ-MLP                    12

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0641

61.     The allegations contained in Paragraph 61 appear to quote and characterize the APA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the APA's plain language, context, or meaning.

62.     The allegations contained in Paragraph 62 appear to quote and characterize a court decision, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language, context, or meaning of the court decision.

63.     The allegations contained in Paragraph 63 appear to quote and characterize the APA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the APA's plain language, context, or meaning.

64.     In response to the allegations contained in the first sentence of Paragraph 64, Defendants admit that SRKW are black and white and known as orcas. The remaining allegations contained in the first sentence of Paragraph 64 are too vague and ambiguous to permit a response, and Defendants deny them on that basis. Defendants admit the allegations contained in the second sentence of Paragraph 64. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 64, and deny the allegations on that basis.

65.     Defendants admit the allegations contained in Paragraph 65.

66.     In response to the allegations contained in Paragraph 66, Defendants aver that SRKW movements are highly variable from year to year. The remaining allegations contained in Paragraph 66 are too vague and ambiguous to permit a response, and Defendants deny them on that basis.

67.     Defendants admit the allegations contained in the first sentence of Paragraph 67. The allegations contained in the second, third, fourth, and fifth sentences of Paragraph 67 purport

to characterize the Recovery Plan, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the Recovery Plan's plain language, context, or meaning.

68.     In response to the allegations contained in the first sentence of Paragraph 68, Defendants avers that the SRKW population has been declining. The remaining allegations contained in the first sentence of Paragraph 68 are too vague and ambiguous to permit a response, and Defendants deny them on that basis. The allegations contained in the second and third sentences of Paragraph 68 are too vague and ambiguous to permit a response, and Defendants deny them on that basis.

69.     The allegations contained in the first sentence of Paragraph 69 are too vague and ambiguous to permit a response, and Defendants deny them on that basis. The allegations contained in the second sentence of Paragraph 69 purport to characterize a 2009 BiOp, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the 2009 BiOp's plain language, context, or meaning.

70.     The allegations contained in the first sentence of Paragraph 70 are too vague and ambiguous to permit a response, and Defendants deny them on that basis. In response to the allegations contained in the second sentence of Paragraph 70, Defendants aver that SRKW have been observed to spend time both in the Salish Sea and on the West Coast as far south as California and as far north as Southeast Alaska. The remaining allegations contained in the second sentence of Paragraph 70 are too vague and ambiguous to permit a response, and Defendants deny them on that basis. In response to the allegations contained in the third sentence of Paragraph 70, Defendants aver that SRKW have been reported to consume a variety of fish

*Defendants' Answer*
Case No. 2:20-CV-417-RAJ-MLP                    14

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0641

species and one species of squid. Defendants deny the remaining allegations contained in the third sentence of Paragraph 70.

71.     In response to the allegations contained in Paragraph 71, Defendants aver that the three most important limiting factors appear to be prey quantity and quality, disturbance from sound and vessels, and toxic contaminants. Defendants deny the remaining allegations contained in Paragraph 71.

72.     The allegations contained in the first sentence of Paragraph 72 are too vague and ambiguous to permit a response, and Defendants deny them on that basis.

73.     The allegations contained in Paragraph 73 purport to characterize a population viability assessment, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the population viability assessment's plain language, context, or meaning.

74.     Defendants admit the allegations contained in Paragraph 74.

75.     Defendants admit the allegations contained in Paragraph 75.

76.     Defendants admit the allegations contained in Paragraph 76.

77.     Defendants admit the allegations contained in Paragraph 77.

78.     Defendants admit the allegations contained in Paragraph 78.

79.     Defendants admit the allegations contained in Paragraph 79.

80.     In response to the allegations contained in Paragraph 80, Defendants aver that in the last status review, NMFS determined that the listing status for the ESUs should not be changed. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 80, and deny the allegations on that basis.

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0641

81.     The allegations contained in Paragraph 81 are too vague and ambiguous to permit a response, and Defendants deny them on that basis.

82.     The allegations contained in the first sentence of Paragraph 82 purport to characterize the MSA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the MSA's plain language, context, or meaning. The allegations contained in the second sentence of Paragraph 82 purport to characterize the Fishery Management Plan for the Salmon Fisheries in the EEZ Off Alaska (Salmon FMP), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the Salmon FMP's plain language, context, or meaning.

83.     The allegations contained in the first sentence of Paragraph 83 purport to characterize the Salmon FMP, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the Salmon FMP's plain language, context, or meaning. The allegations contained in the second sentence of Paragraph 83 are too vague and ambiguous to permit a response, and Defendants deny them on that basis.

84.     The allegations contained in the first, second, and third sentences of Paragraph 84 purport to characterize the Salmon FMP, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the Salmon FMP's plain language, context, or meaning. In response to the allegations contained in the fourth sentence of Paragraph 84, NMFS avers that it may provide federal funds, through grants, to the State of Alaska to assist with the State's obligations under the PST, including to monitor and manage commercial and sport salmon fisheries in Southeast Alaska. The allegations remaining in the fourth sentence of Paragraph 84 are too vague and ambiguous to permit a response, and Defendants deny them on that basis.

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0641

85.     The allegations contained in Paragraph 85 purport to characterize the Salmon FMP, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the Salmon FMP's plain language, context, or meaning.

86.     The allegations contained in Paragraph 86 purport to characterize the PST, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the PST's plain language, context, or meaning.

87.     The allegations contained in Paragraph 87 purport to characterize the PST, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the PST's plain language, context, or meaning.

88.     The allegations contained in Paragraph 88 appears to quote and characterize a 2003 Environmental Impact Statement (EIS), which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the EIS's plain language, context, or meaning.

89.     The allegations contained in Paragraph 89 purport to characterize the PST, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the PST's plain language, context, or meaning.

90.     The allegations contained in Paragraph 90 purport to characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the BiOp's plain language, context, or meaning.

91.      The allegations contained in the first sentence of Paragraph 91 are too vague and ambiguous to permit a response, and Defendants deny them on that basis. Defendants deny the allegations contained in the second sentence of Paragraph 91.

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0641

92.     The allegations contained in Paragraph 92 appear to quote and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the BiOp's plain language, context, or meaning.

93.     The allegations contained in Paragraph 93 purport to characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the BiOp's plain language, context, or meaning.

94.     The allegations contained in Paragraph 94 purport to characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the BiOp's plain language, context, or meaning.

95.     The allegations contained in Paragraph 95 are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each allegation.

96.     The allegations contained in Paragraph 96 appear to quote and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the BiOp's plain language, context, or meaning.

97.     The allegations contained in the first, second, third, fourth, and fifth sentences of Paragraph 97 purport to characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the BiOp's plain language, context, or meaning. The allegations contained in the sixth sentence of Paragraph 97 purport to characterize unidentified data, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language, context, or meaning of the unidentified data.

*Defendants' Answer*
Case No. 2:20-CV-417-RAJ-MLP                    18

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0641

98.     The allegations contained in Paragraph 98 purport to characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the BiOp's plain language, context, or meaning.

99.     The allegations contained in Paragraph 99 purport to characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the BiOp's plain language, context, or meaning.

100.     The allegations contained in Paragraph 100 appear to quote and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the BiOp's plain language, context, or meaning.

101.     The allegations contained in Paragraph 101 purport to characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the BiOp's plain language, context, or meaning.

102.     The allegations contained in Paragraph 102 appear to quote and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the BiOp's plain language, context, or meaning.

103.     The allegations contained in the first, second, and third sentences of Paragraph 103 purport to characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the BiOp's plain language, context, or meaning. Defendants deny the allegations contained in the fourth sentence of Paragraph 103.

104.     The allegations contained in Paragraph 104 are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each allegation.

105.     The allegations contained in Paragraph 105 are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each allegation.

*Defendants' Answer*
Case No. 2:20-CV-417-RAJ-MLP                    19

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0641

106.     The allegations contained in Paragraph 106 are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each allegation.

107.     The allegations contained in Paragraph 107 are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each allegation.

108.     The allegations contained in Paragraph 108 are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each allegation.

109.     The allegations contained in Paragraph 109 are too vague and ambiguous to permit a response, and Defendants deny them on that basis. The allegations contained in Footnote 3 purport to characterize Alaska Department of Fish and Game (ADFG) documents, which speak for themselves and are the best evidence of their contents. Defendants deny any allegation inconsistent with the plain language, context, or meaning of the ADFG documents.

110.     The allegations contained in Paragraph 110 are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each allegation.

111.     The allegations contained in the first sentence of Paragraph 111 are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each allegation. The allegations contained in the second and third sentences of Paragraph 111 purport to characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the BiOp's plain language, context, or meaning.

112.     The allegations contained in Paragraph 112 are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each allegation.

113.     The allegations contained in Paragraph 113 are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each allegation.

*Defendants' Answer*
Case No. 2:20-CV-417-RAJ-MLP                    20

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0641

114. Defendants deny the allegations contained in Paragraph 114.

115. The allegations contained in Paragraph 115 are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each allegation.

116. Defendants deny the allegations contained in Paragraph 116.

117. The allegations contained in Paragraph 117 are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each allegation.

118. Defendants deny the allegations contained in Paragraph 118.

119. The allegations contained in Paragraph 119 are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny each allegation.

The remainder of the Complaint constitutes Plaintiff's prayer for relief, to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny any allegations of the Complaint, whether express or implied, that are not otherwise expressly admitted, qualified, or denied herein.

## AFFIRMATIVE DEFENSES

1. The Court lacks jurisdiction over one or more of Plaintiff's claims.

2. Plaintiff failed to exhaust its available administrative remedies.

3. Plaintiff has failed to establish standing.

4. Plaintiff has failed to identify an indispensable party.

5. Plaintiff failed to file within the statute of limitations established by the MSA's judicial review provision.

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0641

Dated:  May 22, 2020

Respectfully submitted,

JEAN E. WILLIAMS
Deputy Assistant Attorney General
SETH M. BARSKY
Chief
S. JAY GOVINDAN
Assistant Section Chief

OF COUNSEL:

SHEILA LYNCH
Office of General Counsel
National Oceanic and Atmospheric
    Administration
Seattle, WA

DEMIAN SCHANE
Office of General Counsel
National Oceanic and Atmospheric
    Administration
Juneau, AK

 */s/ Frederick H. Turner*
FREDERICK H. TURNER
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 305-0641
Fax: (202) 305-0275
Email: frederick.turner@usdoj.gov

COBY HOWELL
Senior Trial Attorney
U.S. Department of Justice
c/o U.S. Attorney's Office
1000 SW Third Avenue
Portland, Oregon 97204-2902
Tel: (503) 727-1023 | Fax: (503) 727-1117
Email: Coby.Howell@usdoj.gov

*Attorneys for Defendants*

*Defendants' Answer*
Case No. 2:20-CV-417-RAJ-MLP

22

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on May 22, 2020, I electronically filed the foregoing with the Clerk

3

of the Court for the United States District Court for the Western District of Washington by using

4

the CM/ECF system, which will serve a copy of the same on the counsel of record.

5

6

7
 _/s/ Frederick H. Turner_
FREDERICK H. TURNER

8
Trial Attorney
U.S. Department of Justice

9
Environment and Natural Resources Division
Wildlife and Marine Resources Section

10
Ben Franklin Station, P.O. Box 7611

11
Washington, D.C. 20044-7611
Phone: (202) 305-0641

12
Fax: (202) 305-0275
Email: frederick.turner@usdoj.gov

13

14
 _Attorney for Defendants_

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_Defendants' Answer_
Case No. 2:20-CV-417-RAJ-MLP                    23

U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 305-0641