HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILD FISH CONSERVANCY,<br><br>    Plaintiff,<br><br>v.<br><br>BARRY THOM, in his official capacity as Regional Administrator for the National Marine Fisheries Service, *et al.*,<br><br>    Defendants,<br><br>and<br><br>ALASKA TROLLERS ASSOCIATION,<br><br>    Defendant-Intervenor. | Case No. 2:20-cv-00417-RAJ-MLP<br><br>PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION ON ADMINISTRATIVE RECORD AND LEAVE TO LODGE RECORD OUTSIDE OF CM/ECF |

      Plaintiff Wild Fish Conservancy ("Conservancy") hereby respectfully responds to Defendants' Motion for Extension on Administrative Record and Leave to Lodge Record Outside of CM/ECF, Dkt. No. 48 ("Motion").

      The Conservancy does not oppose entry of an order requiring Federal Defendants to submit the administrative record by June 15, 2020 and allowing for the record to be lodged outside of the Court's electronic case filing system. The Conservancy provides this response to briefly address certain assertions in Federal Defendants' Motion and to request that the Court's

---

RESPONSE TO DEFENDANTS' MOTION ON THE ADMINISTRATIVE RECORD - 1
Case No. 2:20-cv-00417-RAJ-MLP

KAMPMEIER & KNUTSEN PLLC
221 S.E. 11th Avenue, Suite 217
Portland, Oregon 97214
(503) 841-6515

CORR CRONIN, LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
(206) 625-8600

order on the Motion also require that: (1) Federal Defendants provide electronic copies of the administrative record to the Conservancy and Intervenor on June 15, 2020; and (2) the parties confer and jointly file statements on proposed briefing schedules for dispositive motion practice within fourteen days of submission of the administrative record.

Under LCR 79(h), Federal Defendants were required to file the administrative record with their Answer on May 22, 2020 absent a showing of good cause warranting an extension. While Federal Defendants represented during oral argument on May 28, 2020 that they have a different interpretation of that Rule, they now indicate that the failure to timely submit the record or seek an extension was due to "an oversight." Dkt. No. 48 at 2.

If this action were to be reviewed under 16 U.S.C. § 1855(f), as Federal Defendants have incorrectly argued, the administrative record was due on May 7, 2020. 16 U.S.C. § 1855(f)(3)(B) (record due 45 days after service on the Secretary of Commerce); Dkt. No. 9 at 8 (Secretary of Commerce was served on March 23, 2020). Federal Defendants assert that their effort to apply the 30-day limitations period of 16 U.S.C. § 1855(f)—the Magnuson Steven Act's provision governing judicial review of regulations—would not also require that they expedite submission of the administrative record as required under that provision. Dkt. No. 48 at 2 n.1. This unexplained and unfounded effort to selectively apply some provisions of 16 U.S.C. § 1855(f), but not others, to some of the relief requested, but not others, suggests that Federal Defendants have all but abandoned any genuine argument that those judicial review provisions apply at all.

The Conservancy objects to Federal Defendants' failure to timely provide the administrative record in this matter. Given that failure, the Conservancy does not oppose entry of an order requiring Federal Defendants to submit the administrative record as soon as practicable and no later than June 15, 2020.

The Conservancy intends to continue to seek an expeditious review of this matter given the ongoing and cumulative harm caused by the challenged actions and the perilous state of the species involved. To that end, the Conservancy respectfully requests that the Court's order on the

RESPONSE TO DEFENDANTS' MOTION ON THE ADMINISTRATIVE RECORD - 2
Case No. 2:20-cv-00417-RAJ-MLP

KAMPMEIER & KNUTSEN PLLC
221 S.E. 11th Avenue, Suite 217
Portland, Oregon 97214
(503) 841-6515

CORR CRONIN, LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
(206) 625-8600

Motion clarify that Federal Defendants must provide all parties with a copy of the administrative record at the time it is lodged with the Court on June 15, 2020. The Conservancy will then be able to promptly evaluate the effort needed to review the complete administrative record and prepare its opening brief. The Conservancy requests that the Court's order on the Motion further require that the parties confer and jointly file statements on proposed briefing schedules for dispositive motion practice within fourteen days of submission of the administrative record.

Respectfully submitted this 3rd day of June, 2020.

KAMPMEIER & KNUTSEN, PLLC

By: s/ Brian A. Knutsen
Brian Knutsen, WSBA No. 38806
Emma Bruden, WSBA No. 56280
221 S.E. 11th Avenue, Suite 217
Portland, Oregon 97214
Tel: (503) 841-6515 (Knutsen)
       (503) 719-5641 (Bruden)
Email: brian@kampmeierknutsen.com
           emma@kampmeierknutsen.com

Paul A. Kampmeier, WSBA No. 31560
811 First Avenue, Suite 468
Seattle Washington 98104
Tel: (206) 858-6983
Email: paul@kampmeierknutsen.com

CORR CRONIN, LLP

Eric A. Lindberg, WSBA No. 43596
Benjamin C. Byers, WSBA No. 52299
1001 Fourth Avenue, Suite 3900
Seattle, Washington  98154
Tel: (206) 625-8600
Email: elindberg@corrcronin.com
           bbyers@corrcronin.com

RESPONSE TO DEFENDANTS' MOTION ON THE ADMINISTRATIVE RECORD - 3
Case No. 2:20-cv-00417-RAJ-MLP

KAMPMEIER & KNUTSEN PLLC
221 S.E. 11th Avenue, Suite 217
Portland, Oregon 97214
(503) 841-6515

CORR CRONIN, LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
(206) 625-8600