The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| WILD FISH CONSERVANCY, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>BARRY THOM, in his official capacity as Regional Administrator of the National Marine Fisheries Service; CHRIS OLIVER, in his official capacity as the Assistant Administrator for Fisheries of the National Marine Fisheries Service; NATIONAL MARINE FISHERIES SERVICE; WILBUR ROSS, JR., in his official capacity as Secretary of the United States Department of Commerce; and UNITED STATES DEPARTMENT OF COMMERCE,<br><br>Defendants.<br><br>and<br><br>ALASKA TROLLERS ASSOCIATION,<br><br>Intervenor-Defendant. | No. 2:20-cv-0417-RAJ-MLP<br><br>**DEFENDANT-INTERVENOR ALASKA TROLLERS ASSOCIATION'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**<br><br>**NOTE ON MOTION CALENDAR: July 3, 2020** |

Defendant-Intervenor Alaska Trollers Association joins in the Defendants' Response to Plaintiff's Objections and incorporates that Response by reference.

Plaintiff contends that the Magistrate Judge erred in several respects in issuing her Report and Recommendation ("R&R"). More specifically, Plaintiff contends that its claims should not be reviewed under the Magnuson-Stevens Act and held subject to its 30-day limitation period for

DEFENDANT-INTERVENOR ALASKA TROLLERS ASSOCIATION'S
RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION
(2:20-cv-0417-RAJ-MLP)
Page 1

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100

43Y3949 16309-001

challenging regulations as set forth in 16 U.S.C. § 1855(f). Plaintiff insists that its claims seeking to enjoin this year's Southeast Alaska salmon troll fishery were challenges to the 2019 SEAK Biological Opinion (BiOp) and were properly asserted under the Endangered Species Act (ESA) and National Environmental Policy Act (NEPA) and are claims left "untouched" under the Ninth Circuit Court of Appeals ruling in *Turtle Island Restoration Network v. U.S. Dept. of Commerce*, 438 F. 3d 937 (9th Cir. 2006). Plaintiff thus contends that its claims for which it seeks to preliminarily enjoin the 2020 Southeast Alaska commercial troll salmon fishery should not have been deemed subject to the Magnuson-Stevens Act's prohibition on preliminary injunctive relief nor its 30-day filing limitation period, regardless of whether that period is calculated from the date of the issuance of the BiOp on April 5, 2019, or the date of publication and issuance of the 2012 Regulations in which Defendant National Marine Fisheries Service (NMFS) reaffirmed its delegation of authority to the State of Alaska over salmon fisheries in the Exclusive Economic Zone ("EEZ") off Southeast Alaska in Fishery Management Plan ("FMP") Amendment 12. *See* 77 Fed. Reg. 75,570 (Dec. 21, 2012). That 2012 Regulation remains the only operative regulation pursuant to which the State of Alaska has authority to manage the Southeast Alaska commercial salmon troll fishery in the EEZ in 2020, which the Plaintiff seeks to enjoin in this lawsuit.

As set forth below and in Defendants' Response to Plaintiff's Objections, which Defendant-Intervenor joins and hereby incorporates by reference, all of Plaintiff's Objections lack merit. Consequently, the court should adopt the Report and Recommendation of the Magistrate Judge.

## ARGUMENT

### A. Plaintiff's Claims Are Subject to the 30-Day Filing Period Established By 16 U.S.C. § 1855(f).

Plaintiff labels its First Cause of Action as "Failure to Ensure No Jeopardy Under Section 7(a)(2) of the ESA," which, it states, is reviewable under the independent review provisions of

DEFENDANT-INTERVENOR ALASKA TROLLERS ASSOCIATION'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(2:20-cv-0417-RAJ-MLP)
Page 2

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100

43Y3949 16309-001

the ESA found at 16 U.S.C. § 1540(g).  Complaint (Dkt. No. 1), ¶¶ 114-115.  In its Second Cause of Action, *id.* p. 28 ¶¶ 116-117, Plaintiff asserts "The 2019 SEAK BiOp is Arbitrary, Capricious, and Not in Accordance with Law," and its Third Cause of Action alleges "NMFS's Failure to Conduct NEPA Analyses for Issuance/Adoption of 2019 SEAK BiOp."  *Id.* at ¶¶ 118-119.  The Second and Third Causes of Action expressly identify those claims as brought under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706.

Tellingly, however, in conjunction with its First Cause of Action alleging a violation of Section 7(a)(2) of the ESA, Plaintiff conflates allegations regarding the inadequacy of the 2019 SEAK BiOp under that Section of the ESA with a claim that the alleged Section 7 violation was manifested through its continuing authorization and management of salmon fisheries in the EEZ

> " . . . *by continuing to authorize and manage salmon fisheries in the Exclusive Economic Zone of Alaska* without ensuring that such fisheries will not jeopardize the continued existence of the endangered Southern Resident Killer Whale, the threatened Puget Sound Chinook salmon ESU, the threatened Lower Columbia River Chinook salmon ESU, the threatened Upper Willamette River Chinook salmon ESU, and the threatened Snake River fall-run Chinook salmon ESU, or destroy or adversely modify the endangered Southern Resident Killer Whale's critical habitat."  *Id.* ¶ 114 (emphasis supplied).

In its Prayer For Relief, Plaintiff asks in paragraph A for declaratory relief that the defendants are in violation of section 7(a)(2) of the ESA, "… by adopting and implementing the 2019 SEAK BiOp and its incidental take statement ***and by continuing to authorize and manage salmon fisheries in the Exclusive Economic Zone of Alaska*** without ensuring that such fisheries will not jeopardize the continued existence of the endangered Southern Resident Killer Whale, the threatened Puget Sound Chinook salmon ESU, [and] the threatened Lower Columbia River Chinook salmon ESU …".  *Id.* at p. 28 (emphasis supplied)

Then, in paragraph G. of its Prayer For Relief, Plaintiff expressly challenges Defendant NMFS' 2012 delegation of authority over commercial salmon fisheries in the EEZ to Alaska:

> ***"Enjoin Defendants from continuing to delegate authority to the State of Alaska to manage salmon fisheries in the Exclusive Economic Zone of Alaska, from continuing to allow the State of Alaska to implement salmon fisheries in the Exclusive Economic Zone of Alaska, from providing funding to the State of***

DEFENDANT-INTERVENOR ALASKA TROLLERS ASSOCIATION'S
RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION
(2:20-cv-0417-RAJ-MLP)
Page 3

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100

43Y3949 16309-001

> ***Alaska to manage and monitor salmon fisheries in the Exclusive Economic Zone of Alaska, and from otherwise continuing to allow salmon fisheries in the Exclusive Economic Zone of Alaska until Defendants comply with the ESA and NEPA;"***

and in paragraph H., to:

> "Grant such preliminary and/or permanent injunctive relief as Wild Fish Conservancy may from time to time request during the pendency and resolution of this case." *Id.* at p. 29.

In so pleading, Plaintiff completely altered the focus of its claims for relief against the defendants from what, at least ostensibly, were ESA and NEPA claims to Magnuson-Stevens Act ("MSA") claims challenging NMFS' authorization and delegation of salmon fishery management responsibilities in Southeast Alaska's EEZ to the State of Alaska. This change of focus to an MSA challenge was reinforced and made express when Plaintiff immediately filed a Motion for Preliminary Injunction (Dkt. No. 14, at p. 9) seeking:

> "… an order staying the National Marine Fisheries Service's ("NMFS") authorizations of commercial Chinook salmon fisheries in federal waters off the coast of Southeast Alaska, set to commence on July 1, to protect imperiled Southern Resident Killer Whales while this matter is pending and while NMFS complies with the Endangered Species Act ("ESA") and the National Environmental Policy Act ("NEPA")."

Both in its Notice of Intent to Sue For ESA Violations (Exhibit 1 to Plaintiff's Complaint) and its Motion for Preliminary Injunction, Plaintiff actually acknowledges the existence of the MSA, the critical role of the Regional Fishery Management Councils established by the MSA in proposing fishery management regulations to NMFS to implement Fishery Management Plans ("FMP") and in its Complaint, Plaintiff notes that, under the MSA, NMFS may "regulate" its fisheries in the EEZ. *Id.* at pp. 12-13. Plaintiff also acknowledges, as it must, that the troll fisheries it seeks to enjoin are in fact governed by the Pacific Salmon Treaty with Canada, and the October 2018 Fishery Management Plan for Salmon Fisheries in the EEZ off Alaska, and that management authority over those fisheries was previously delegated by NMFS to the State of Alaska under the MSA. *See* Dkt. No. 1, Ex. 1, pp. 4-6; Dkt. No. 14. at pp. 14-15.

DEFENDANT-INTERVENOR ALASKA TROLLERS ASSOCIATION'S
RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION
(2:20-cv-0417-RAJ-MLP)
Page 4

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100

43Y3949 16309-001

1   Through artful pleading, Plaintiff then goes on, in its preliminary injunction motion, to try and avoid actually asserting a claim under the MSA by challenging the validity of the 2019 SEAK BiOp and its accompanying Incidental Take Statement ("ITS") under the ESA and asserting that it is the ITS that effectively authorizes this year's troll fishery in the EEZ:

> "The 2019 SEAK BiOp thus includes an ITS allowing for salmon fisheries in federal waters of Southeast Alaska to harvest up to the limits allowed under the 2019 Pacific Salmon Treaty. . . "

Plaintiff then proceeds to argue that NMFS used the allegedly flawed 2019 SEAK BiOp NMFS "…to support its continued authorization of salmon fisheries in the federal waters . . .". "This new ITS authorizes fisheries in the federal waters of Southeast Alaska through 2028 under the regimes delineated in the 2019 Pacific Salmon Treaty," *Id*. at pp. 28-29.[1]  The plaintiff Conservancy also adds a NEPA claim (its Third Cause of Action set forth in Dkt. No. 1, p. 28), contending that NMFS was required to prepare a new Environmental Assessment ("EA") or Environmental Impact Statement ("EIS") and that its failure to do so also requires the court to enjoin Alaska's implementation of NMFS' delegated authority over salmon fisheries in Alaska's EEZ. *Id.* at p. 29.

This is precisely the kind of "careful pleading" to avoid the strict 30-day jurisdictional limit imposed by the MSA that the *Turtle Island* court rejected.  The MSA provides that challenges to regulations and actions must be "… filed within 30 days after the date on which the regulations are promulgated or the action is published in the Federal Register . . ."  16 U.S.C. § 1855(f)(1).  Here, the only regulation that was promulgated for the 2020 Southeast Alaska salmon troll fishery dates back to 2012 and NMFS' adoption of Amendment 12 to the FMP for Alaska and its accompanying reaffirmation of its earlier delegation of authority to the State of

---

[1] In its preliminary injunction motion, Plaintiff relied upon *Ramsey v. Kantor*, 96 F. 3d 434 (9th Cir. 1996) as the authority for the proposition that the ITS serves as a functional permit for the Southeast Alaska salmon fisheries.  However, that case has been narrowly interpreted and in its Objections to the Magistrate Judge's Report and Recommendation, Plaintiff notably avoids any mention of *Ramsey* and no longer contends the ITS served as a functional permit for the 2020 salmon troll fishery.

DEFENDANT-INTERVENOR ALASKA TROLLERS ASSOCIATION'S
RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION
(2:20-cv-0417-RAJ-MLP)
Page 5

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100

43Y3949 16309-001

Alaska to implement and manage fisheries in the EEZ including the commercial salmon troll fisheries in Southeast Alaska. Because of that delegation of management authority to the State of Alaska for fisheries in the EEZ, there is no need for NMFS to publish federal fishery regulations in the Federal Register on an annual basis as is done in Washington, Oregon, and California, *see, e.g., Oregon Trollers Association v. Gutierrez*, 452 F. 3d 1104, 1116 (9th Cir. 2006); *Oceana, Inc. v. Ross*, 2018 W.L. 1989575 (N.D. Cal. Jan. 18/2018).

The rulings in the aforementioned cases are instructive. In *Oceana*, the plaintiff environmental organization challenged the so-called "Catch Rule," the Annual Catch Limit (ACL) established each year for the northern anchovy fishery. Plaintiff filed its challenge within 30 days of the publication of the challenged Catch Rule and because of that timely 30-day filing, it was also allowed to challenge the much earlier established Over-Fishing Limit (OFL) and the Acceptable Biological Catch (ABC) used in determining the annual ACLs. In *Oregon Trollers*, the plaintiffs timely challenged the 2005 salmon fishery regulations published in the Federal Register by timely filing within the 30-day period, but were also allowed to challenge the underlying 1989 amendment to the FMP pursuant to which the 2005 restrictions were promulgated despite a contention by NMFS that it was 16 years too late to do so. The Ninth Circuit in *Oregon Trollers* rejected NMFS' argument and held that § 1855(f)(1)'s "plain language and legislative history demonstrated that plaintiffs were entitled to challenge both the action and the underlying regulation. 452 F. 3d at 1112-13. In both cases, however it was ***only because*** the plaintiffs filed timely challenges to the fishery regulations within 30 days of their promulgation or publication that they were allowed to proceed with broader challenges to the fishery. 452 F. 3d at 1112-1113; W.L. 1989575 at p. *12.

Here, unlike the situations presented in *Oregon Trollers* and *Oceana*, Plaintiff failed to file within 30 days of the "action" it claims authorized the 2020 salmon troll fishery in the EEZ, *i.e.*, the publication of the 2019 SEAK BiOp on April 5, 2019. Had it done so, its challenge to the 2020 fishery, including the 2012 adoption of Amendment 12 to the FMP, arguably may have

DEFENDANT-INTERVENOR ALASKA TROLLERS ASSOCIATION'S
RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION
(2:20-cv-0417-RAJ-MLP)
Page 6

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100

43Y3949 16309-001

been timely, even if preliminary injunctive relief was not available.[2]  However, Plaintiff failed to move the court for such relief until April 16, 2020, more than a full year after the challenged BiOp had been first published, and even its Complaint was not filed until March 18, 2020 (*See* Dkt. No. 1; Dkt. No. 14).  Thus, as the Magistrate Judge recognized, even if one were to accept the 2019 SEAK BiOp as the "action" authorizing the challenged troll fishery to occur, Plaintiff's Preliminary Injunction Motion was still untimely.

The sole focus of Wild Fish Conservancy's preliminary injunction motion is to enjoin this year's Southeast Alaska troll salmon fishery in the EEZ.  This claim is necessarily directed at the 2012 regulations delegating authority over salmon fisheries in the EEZ to Alaska, to the FMP itself, last updated in October 2018, and/or the April 5, 2019 BiOp.  The plaintiff contended in its motion it was relying upon the BiOp "to support its continued authorization of salmon fisheries in the federal waters."  Plaintiff's Motion for Preliminary Injunction, Dkt. No. 14. p. 28.  In sum, Plaintiff's belated challenge to regulations authorizing this year's salmon troll fishery, regardless of whether those regulations are viewed as the 2012 amendment to the FMP, the October 2018 FMP For the Salmon Fisheries In the EEZ off Alaska, or the April 5, 2019 BiOp and accompanying ITS, is, *in essence*, an MSA claim and is time barred.  *Turtle Island, supra*, 438 F. 3d at 944.  Plaintiff's challenges to authorization of the troll fishery cannot be rationalized as ESA and NEPA claims unrelated to the MSA because, plainly, they seek to enjoin the 2020 troll fishery.  Accordingly, this Court lacks jurisdiction, as the Magistrate Judge properly found.

**B.  <u>Plaintiff's Preliminary Injunction Motion is prohibited by Section 305 (d) of the MSA</u>**.

Plaintiff insists that its ". . . claims accrued through subsequent events unrelated to promulgation of MSA regulations," Dkt. No. 54, p. 11; and that its " . . . claims all relate to NMFS' issuance and adoption of the 2019 SEAK BiOp triggered by the 2019 Pacific Salmon

---

[2] The MSA prohibits injunctive relief for regulations authorizing fisheries, but it does allow for expedited consideration to be made.  *See* 16 U.S.C. § 1855(d).

DEFENDANT-INTERVENOR ALASKA TROLLERS ASSOCIATION'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(2:20-cv-0417-RAJ-MLP)
Page 7

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100

43Y3949 16309-001

Treaty," *Id.* at p. 12, and that its "ESA and NEPA claims arose after, and are unrelated to, the issuance of any MSA regulations and therefore 'untouched' by 16 U.S.C. §1855(f)." *Id.* at pp. 12-13. That argument is specious. In seeking to enjoin a fishery – in this case, the 2020 Southeast Alaska commercial troll salmon fishery – Plaintiff has clearly run afoul of Section 305(d) of the MSA, 16 U.S.C. §1355(d), which prohibits preliminary injunctive relief for any fishery governed by the MSA. Thus, in *Pacific Coast Federation of Fishermen's Association (PCFFA) v. Secretary of Commerce*, 494 Fed. Supp. 626, 629 n. 1 (N.D. Cal. 1980), the court rejected Plaintiff's contention that, because it was claiming a violation of NEPA, it could seek to enjoin a fishery under that statutory scheme.

Said the court:

> At oral argument plaintiffs suggested that the Court has the power to issue preliminary relief based upon an asserted violation of the National Environmental Policy Act of 1969 (citation omitted). Plaintiffs conceded that any NEPA violations are not expressly pleaded in the Complaint but argued that they are pleaded properly by implication. ***If they are, they cannot in any event overcome the express limitation of Section 305(d)***." (emphasis supplied)

Similarly, in *Kramer v. Mosbacher*, 878 F. 2d 134 (4th Cir. 1989), the Fourth Circuit Court of Appeals, drawing upon the ruling in *PCFFA v. Secretary of Commerce*, rejected plaintiff's effort to prevent application of the 30-day limitation period under the MSA, just as the plaintiff does here. In its ruling, the court pointed out,

> Even had the action been timely, the remedy of injunction was unavailable. Section 1855(d) provides that Section 705 of Title 5 is not applicable to the judicial review of Magnuson regulations. Section 705 allows a court to 'issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending the review proceedings.' The exclusion of Section 705 powers prevents a reviewing court from issuing the sort of preliminary injunction granted by the district court. As was stated in the conference report to the Act, regulations are subject to judicial review 'except that the reviewing court is without authority to enjoin the implementation of those regulations pending the judicial review.' 1976 U.S. Code Cong. & Admin. News, 593, 678. *See also Pacific Coast Federation of Fishermen's Association, Inc. v. Secretary of Commerce,* 494 F. Supp. 626, 627-629 (N.D. Cal. 1980) ('On its face, Section 305(d) [1855(d)] precludes the grant of a preliminary injunction.')" 878 F. 2d. 137.

DEFENDANT-INTERVENOR ALASKA TROLLERS ASSOCIATION'S
RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION
(2:20-cv-0417-RAJ-MLP)
Page 8

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100

43Y3949 16309-001

Finally, in a case also cited by the Magistrate Judge, *Bluewater Fishermen's Association v. NMFS*, 158 F. Supp. 2d 118 (D. Mass. 2001), the District Court rejected the same argument Plaintiff makes here under the ESA; *i.e.,* that, by artfully pleading a claim under the ESA challenging a NMFS BiOp, the prohibition against preliminary injunctive relief contained within Section 305(d) of the MSA was not applicable. The Court stated that ". . . couching the action in different statutory language 'is not a hook which can remove the prohibitions of the Magnuson-Stevens Act.'" (internal citation omitted) 158 F. Supp. 2d at p. 22.

In sum, courts have consistently rejected efforts by creative plaintiffs to overcome the statutory prohibition against preliminary injunctive relief contained in the MSA by artfully pleading claims under other environmental statutes, such as the ESA and NEPA. That prohibition extends to all efforts to preliminarily enjoin a federally authorized fishery, regardless of whether preliminary injunctive relief is sought under the banner of a different environmental statutory scheme.

### C.  Plaintiff's Claims for Declaratory Relief under the ESA and NEPA remain.

Both the Magistrate Judge and the Ninth Circuit Court of Appeals in *Turtle Island Restoration Network, supra,* rejected the same contention Plaintiff makes here that applying § 1855(f) to its claims would eliminate enforcement of environmental laws in commercial fisheries and exempt them effectively from judicial oversight. The *Turtle Island* court stated:

> "The sky, however, is not falling. Section 1855(f) applies only to a very specific class of claims – those that clearly challenge regulations promulgated under the Magnuson Act. This regime would not, as Turtle Island suggests, affect every claim that may arise later. For example, the regulatory challenge limitation would not encompass claims that NMFS failed to reinitiate consultation when the taking specified in the Incidental Take Statement is exceeded or a new species is listed or 'new information reveals effects of the action that may affect listed species . . . to an extent not previously considered' in the biological opinion." (citation omitted) Similarly, NEPA imposes a continuing duty to supplement an existing EIS in response to "significant new circumstances or information relevant to environmental concerns bearing on the proposed action or its impacts." We do not intend these examples to serve as an exhaustive list, but rather as illustrative of the many claims left untouched by § 1855(f)." 438 F. 3d at 948-949.

However, as in *Turtle Island*, just because the plaintiff also asked for declaratory

DEFENDANT-INTERVENOR ALASKA TROLLERS ASSOCIATION'S  
RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE  
JUDGE'S REPORT AND RECOMMENDATION  
(2:20-cv-0417-RAJ-MLP)  
Page 9

LANDYE BENNETT BLUMSTEIN LLP  
1300 SW 5th Avenue, Suite 3600  
Portland, OR 97201  
Tel: (503) 224-4100

43Y3949 16309-001

relief under various environmental statutes in its Complaint does not allow it to pursue what is in essence a Magnuson-Stevens Act claim challenging the authorization of the 2020 Southeast Alaska Commercial Salmon Troll Fishery.

Plaintiff also objects to what it characterizes as a "piecemeal application" of 16 U.S.C. § 1855(f) by the Magistrate Judge in her R&R. That characterization betrays a misreading of the R&R. Contrary to Plaintiff's assertion, the Magistrate Judge did not recommend that Plaintiff's ESA and NEPA claims be allowed to proceed as challenges to the commercial salmon troll fishery but rather stated that the MSA "does not itself bar Plaintiff from continuing to seek relief for its claims that the 2019 BiOp violated the ESA and NEPA in this action," citing *Turtle Island*, 438 F. 3d at 949; R&R Dkt. No. 51 p. 17 n 4.

The R&R focused only upon the Motion for Preliminary Injunction asking for a stay of the 2020 Southeast Alaska commercial salmon troll fishery. The Magistrate Judge found that, to the extent the claims brought by Plaintiff challenged that fishery, they were in essence MSA claims subject to a 30-day filing period, and that Plaintiff's failure to timely file deprived the court of jurisdiction for such claims. That conclusion is fully consistent with *Turtle Island's* holding that plaintiff's ESA and NEPA claims challenging the fishery were time barred, but that claims under the ESA or NEPA that did not seek to enjoin the fishery, such as failing to reinitiate consultation when the ITS was exceeded or a new species is listed, were examples of claims "left untouched" by its ruling. *Id.* 438 F. 3d at 948-49. The same is true here. If Plaintiff wishes to pursue claims under the ESA and NEPA unrelated to the troll fishery, the R&R, if adopted, as it should be, would not bar such claims.

### D. **Plaintiff May Assert Non-Compliance with the ESA and NEPA by Requesting a Consistency Review**.

Further, Plaintiff' contends that it had no ability to challenge violations of the

DEFENDANT-INTERVENOR ALASKA TROLLERS ASSOCIATION'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (2:20-cv-0417-RAJ-MLP) Page 10

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100

43Y3949 16309-001

1  ESA and NEPA seeking through a "consistency review" under the salmon FMP because
2  both NEPA and § 7 of the ESA apply exclusively to federal agencies and therefore do not
3  apply to Alaska's fishery management measures (Plaintiff's Objections, Dkt. No. 54, p. 13
4  n. 1).  That is false.  Fishery Management Plans and Amendments to regulations must be
5  consistent with the Magnuson-Stevens Act . . . *and any other applicable law*".  16 U.S.C.
6  § 1853(a).  Accord *Greenpeace NMFS*, 80 F. Supp. 2d 1137, 1144-45 (W.D. Wa. 2000).
7  Thus, when requesting a consistency review, Plaintiff is free to include claims that the
8  regulations for this year's commercial salmon troll fishery violate the ESA or NEPA.
9  NMFS must then review the FMP amendment or implementing regulation to ensure
10  consistency with "any other applicable law".  § 1854(a)(1)(A), (3)(A), (b)(1).  Indeed,
11  that option of requesting a consistency review is still open to the plaintiff.

## CONCLUSION

For all the foregoing reasons and those set forth in Defendants' Response to Plaintiff's Objections, this Court should adopt the Magistrate Judge's Report and Recommendation.

Dated this 29th day of June 2020.

*s/ Thane W. Tienson*
Thane W. Tienson, WSBA #13310
Email: ttienson@lbblawyers.com
*Attorneys for Alaska Trollers Association*

DEFENDANT-INTERVENOR ALASKA TROLLERS ASSOCIATION'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(2:20-cv-0417-RAJ-MLP)
Page 11

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100

43Y3949 16309-001

**CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2020, I served the foregoing **DEFENDANT-INTERVENOR ALASKA TROLLERS ASSOCIATION'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** on the following individual(s):

| | |
|---|---|
| Brian A. Knutsen<br>Kampmeier & Knutsen, PLLC<br>221 SE 11th Avenue, Suite 217<br>Portland, OR 97214<br>Tel: (503) 841-6515<br>Email: brian@kampmeierknutsen.com | Paul A. Kampmeier<br>Kampmeier & Knutsen, PLLC<br>811 First Avenue, Suite 468<br>Seattle, WA 98104<br>Tel: (206) 858-6983<br>Email: paul@kampmeierknutsen.com |
| Eric A. Lindberg<br>Corr Cronin, LLP<br>1001 Fourth Avenue, Suite 3900<br>Seattle, WA 98154<br>Tel: (206) 625-8600<br>Email: elindberg@corrcronin.com | Frederick H. Turner<br>Trial Attorney, U.S. Department of Justice<br>Environment and Natural Resources Division<br>Wildlife and Marine Resources Section<br>4 Constitution Square, 150 M Street NE<br>Washington, DC 20002<br>Tel: (202) 305-0641/(202) 532-3076 (mobile)<br>Email: frederick.turner@usdoj.gov |
| | Carter Howell<br>US Department of Justice<br>Environment and Natural Resources Division<br>Wildlife and Marine Resources Section<br>c/o US Attorney's Office<br>1000 SW 3rd Avenue, Suite 600<br>Portland, OR 97204<br>Tel: (503) 727-1023<br>coby.howell@usdoj.gov |

☒ by the Court's CM/ECF system to the email addresses listed above
☐ by facsimile pursuant to the fax numbers listed above
☐ by email to the email addresses listed above
☐ by overnight delivery to the addresses listed above
☐ by first class mail to the addresses listed above.

*s/ Kathy Baker*
Kathy Baker, Legal Assistant to Thane W. Tienson
Of Attorneys for Intervenor-Defendant Alaska
Trollers Association

DEFENDANT-INTERVENOR ALASKA TROLLERS ASSOCIATION'S
RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION
(2:20-cv-0417-RAJ-MLP)
Page 12

LANDYE BENNETT BLUMSTEIN LLP
1300 SW 5th Avenue, Suite 3600
Portland, OR 97201
Tel: (503) 224-4100

43Y3949 16309-001