UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILD FISH CONSERVANCY,<br><br>      Plaintiff,<br><br>  v.<br><br>BARRY THOM, et al.,<br><br>      Defendants,<br><br> and<br><br>ALASKA TROLLERS<br>ASSOCIATION,<br><br>      Defendant-Intervenor. | Case No. C20-417-RAJ-MLP<br><br>ORDER |

This matter is before the Court on the parties' Joint Statement on a Proposed Briefing Schedule ("Joint Statement"). (Dkt. # 56.) On June 12, 2020, pursuant to this Court's Order Granting Defendants' Motion for Extension and Leave to Lodge the Administrative Record ("AR") Outside of CM/ECF (dkt. # 52), Defendants submitted the AR in this matter. (Dkt. # 53.) Based on the parties' Joint Statement, it is clear the parties disagree as to the sufficiency of the AR provided by Defendants and what briefing schedule for dispositive motions should issue.

Plaintiff argues that Defendants' submitted AR omits all National Marine Fisheries Service ("NMFS") internal communications, regardless of whether they are deliberative or

ORDER - 1

strictly factual, as well as all draft biological opinions. (Dkt. # 56 at 2.) Plaintiff contends that this information should have been included in the AR submission pursuant to Department of Justice ("DOJ") guidance on compiling ARs. (*Id.* at 3 (citing Env't and Natural Res. Div., U.S. Dep't of Justice, *Guidance to Federal Agencies on Compiling the Administrative Record*, at 2 (Jan. 1999).) Plaintiff argues that under this District's precedent, as well as other courts in the Ninth Circuit, any issues regarding whether internal communications and drafts must be included in an AR requires the production of a privilege log by Defendants and, if necessary, *in camera* review. (Dkt. # 56 at 3 (citing *Washington v. United States Dep't of State,* 2019 WL 1254876, at *1-2 (W.D. Wash. Mar. 19, 2019); *E.g.*, *Ctr. for Envtl. Health v. Perdue*, 2019 WL 3852493, at *2 (N.D. Cal. May 6, 2019); *Ctr. for Biological Diversity v. Bernhardt*, 2020 WL 1130365, at *1-3 (D. Mont. Mar. 9, 2020); *Kalispel Tribe of Indians & Spokane County v. U.S. Dep't of Interior*, 2018 WL 9391703, at *1-2 (E.D. Wash. Mar. 18, 2018).)

Consequently, Plaintiff requests that the Court require Defendants to provide a privilege log within 14 days from the issuance of this Order: (1) identifying all materials directly or indirectly considered by NMFS in preparing the biological opinion, including internal and external communications and draft biological opinions; (2) explaining the grounds for withholding any such materials; and (3) including sufficient information to justify the withholding. (Dkt. # 56 at 5.) Additionally, Plaintiff requests that, within 14 days of NMFS's production of a privilege log, that the parties confer and submit either a proposed deadline for motions involving disputes over the AR or, if no such disputes exist, proposed schedules for dispositive motion practice. (*Id.*)

Defendants' counter that Plaintiff improperly conflates the scope of the AR with assertions regarding privilege, and that because no privileged documents are being "withheld"

ORDER - 2

from the AR, a privilege log is inappropriate. (Dkt. # 56 at 6-7.) Defendants argue that the AR need only "consist of non-privileged, non-deliberative documents relating to the challenged final agency action" and that this approach is consistent with that taken in several courts within the Ninth Circuit. (*Id.* (citing *e.g.*, *Golden Gate Salmon Ass'n v. Ross*, 2018 WL 3129849, at *5 (E.D. Cal. June 22, 2018); *ASSE Int'l v. Kerry*, 2018 WL 3326687, at *2 (C.D. Cal. Jan. 3, 2018).) Defendants argue that the Ninth Circuit has not directly addressed this issue but has indicated that deliberative materials are not properly required in the submission of an AR, which follows an approach consistent with D.C. Circuit precedent. (Dkt. # 56 at 7 (citing *Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993); *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019).)

Defendants additionally argue that Plaintiff improperly relies on a 1999 DOJ memorandum because the DOJ clarified in 2008 that the 1999 memorandum did not control any requirement for assembly of ARs and that those decisions remain within the discretion of each federal agency. (Dkt. # 56, Ex. A at 12-13.) Defendants further argue that the DOJ reaffirmed this position in 2017, and therefore, its agencies are not required to develop privilege logs for ARs. (*Id.*, Ex. B at 15-16.)

Defendants request that that any dispute about the record, including whether a privilege log is required, be addressed through motions presented to the Court so that the parties can fully brief their positions rather than being heard solely on the Joint Statement. (Dkt. # 56 at 6-7.) Defendants request that the Court require Plaintiff to notify Defendants of any alleged deficiencies with the AR within 14 days of dispositive resolution of Plaintiff's Motion for Preliminary Injunction (dkt. # 14). (Dkt. # 56 at 8.) If the parties cannot resolve issues pertaining to the AR at that time, Defendants request that the Plaintiff be required to file a record motion

ORDER - 3

within 28 days of the dispositive resolution of Plaintiff's Motion for Preliminary Injunction. (*Id.*)

Defendant-Intervenor has no objection to the AR as filed and agrees with the proposed briefing schedule submitted by Defendants.

Given the nature of the dispute between the parties concerning the AR and the brief argument submitted in the parties' Joint Statement, the Court finds it premature to rule on whether a privilege log should be required, or whether the AR will need to be supplemented in this matter, without a record motion properly before the Court and further briefing from the parties.

Accordingly, having considered the parties' positions as identified in the Joint Statement, it is hereby ORDERED that:

(1) Plaintiff is required to confer with Defendants regarding any alleged deficiencies with the AR no later than fourteen (14) days from the date on which this Order is signed;

(2) Should the parties be unable to resolve the issues pertaining to the AR, Plaintiff will file a Motion to Supplement the AR no later than twenty-eight (28) days from the date on which this Order is signed;

(3) Plaintiff's proposed briefing schedule for dispositive motions is GRANTED and Defendants' proposed briefing schedule for dispositive motions is DENIED. Should the filing of a Motion to Supplement the AR interfere with the parties' ability to adhere to this schedule, either party may bring a motion to amend this schedule. The briefing schedule shall be entered as follows:

| Motion/Brief | Deadline | Page Limits |
|---|---|---|
| Plaintiff's Motion for Summary Judgment | Thirty-five (35) days from issuance of the Honorable Richard A. Jones' ruling on this Court's Report and Recommendation (dkt. # 51) | 35 Pages |
| Defendants' Combined Cross-Motion for Summary Judgment and Response | Twenty-one (21) days from the filing of Plaintiff's Motion for Summary Judgment | 35 Pages |
| Defendant-Intervenor's Combined Cross-Motion for Summary Judgment and Response | Twenty-one (21) days from the filing of Plaintiff's Motion for Summary Judgment | 35 Pages |
| Plaintiff's Combined Response to Defendants' and Defendant-Intervenor's Cross-Motion for Summary Judgment, and Reply | Fourteen (14) days from the filing of Defendants' Combined Cross-Motion for Summary Judgment and Response or Defendant-Intervenor's Combined Cross-Motion for Summary Judgment and Response, whichever is later | 35 Pages |
| Defendants' Reply in Support of Defendants' Cross-Motion for Summary Judgment | Seven (7) days from the filing of Plaintiff's Combined Response to Defendants' and Defendant-Intervenor's Cross-Motion for Summary Judgment, and Reply | 12 Pages |
| Defendant-Intervenor's Reply in Support of Defendant-Intervenor's Cross-Motion for Summary Judgment | Seven (7) days from the filing of Plaintiff's Combined Response to Defendants' and Defendant-Intervenor's Cross-Motion for Summary Judgment, and Reply | 12 Pages |

Dated this 7th day of July, 2020.

MICHELLE L. PETERSON  
United States Magistrate Judge

ORDER - 5