# EXHIBIT A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Honorable Richard A. Jones
Honoarable Michelle L. Peterson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILD FISH CONSERVANCY,

        Plaintiff

    vs.

BARRY THOM, et al.,

        Defendant-Intervenor

    and

ALASKA TROLLERS ASSOCIATION,

        Defendant-Intervenor

CASE NO:  2:20-cv-00417-RAJ-MLP

**STATE OF ALASKA'S PROPOSED ANSWER**

COMES NOW, the State of Alaska ("State") for its Answer to the Wild Fish Conservancy's ("WFC") Complaint states as follows:

1.    Admit.

2.    The State admits that Tahlequah (J35), a female SRKW, carried her dead calf for 17 days. WFC incorrectly identifies the sex of the calf, it was female. The State

PROPOSED ANSWER - 1 -
Case No. 2:20-cv-00417-RAJ-MPL

Nossaman LLP
719 Second Avenue, Suite 1200
Seattle, WA  98104
Telephone:  206-395-7630

further admits that Scarlet (J50) disappeared in September 2018 but is without sufficient information to admit or deny the rest of the allegations in the paragraph and therefore must deny the same.

3.      The State admits that two calves were born in 2019 and survived, but the State is without sufficient information to admit or deny the rest of the allegations in the paragraph and therefore must deny the same.

4.      Deny. Prey availability, pollution, vessel traffic, and noise are all factors in the decline of the SRKW population. Further, modeling suggests that the modern carrying capacity in Puget Sound is roughly 90 whales, which suggests that the decline since the mid-90s is not due primarily to prey-related, density-dependent factors.

5.      The State admits that NMFS has the authority to regulate fisheries within the EEZ. The text of the PST speaks for itself and the State denies the allegations insofar as they conflict with the plain language of the PST.

6.      The State admits that NMFS issued a BiOp on April 5, 2019, entitled "Endangered Species Act (ESA) Section 7(a)(2) Biological Opinion and Magnuson-Stevens Fishery Conservation and Management Act Essential Fish Habitat Response, Consultation on the Delegation of Management Authority for Specified Salmon Fisheries to the State of Alaska." The reasons for issuing the BiOp are contained in the document.

7.      The State admits that Puget Sound Chinook salmon, Lower Columbia River Chinook salmon, Upper Willamette River Chinook salmon, and Snake River fall-run Chinook salmon are evolutionary significant units that are listed as threatened under the

PROPOSED ANSWER - 2 -
Case No. 2:20-cv-00417-RAJ-MPL

Nossaman LLP
719 Second Avenue, Suite 1200
Seattle, WA  98104
Telephone:  206-395-7630

ESA. The rest of the allegations in the first sentence are too vague to give rise to a proper response. The State denies the second sentence of Paragraph 7.

8. The first sentence is vague and no response is required. The State denies the second and third sentences of Paragraph 8. The BiOp speaks for itself and no response is required to its quoted or characterized portions within Paragraph 8.

9. Deny.

10. The BiOp speaks for itself and no response is required to the characterized portions within Paragraph 10.

11. Deny.

12. Deny.

13. The allegations in Paragraph 13 describe the Complaint and the relief requested and no response is required. The State denies each allegation.

14. The State is without sufficient information to admit or deny the allegations in Paragraph 14, and therefore must deny the same.

15. The State is without sufficient information to admit or deny the allegations in Paragraph 15, and therefore must deny the same.

16. The State is without sufficient information to admit or deny the allegations in Paragraph 16, and therefore must deny the same.

17. Paragraph 17 contains conclusions of law, to which no response is required. The State denies the remaining allegations in the paragraph.

18. Paragraph 18 contains conclusions of law, to which no response is required. The State denies the remaining allegations in the paragraph.

Nossaman LLP
719 Second Avenue, Suite 1200
Seattle, WA  98104
Telephone:  206-395-7630

19.   Paragraph 19 contains conclusions of law, to which no answer is required. The State denies the remaining allegations in the paragraph.

20.   Admit.

21.   Admit.

22.   Admit.

23.   The State admits that Wilbur Ross was the Secretary of Commerce. The remaining allegations in Paragraph 19 contain conclusions of law, to which no response is required.

24.   Admit.

25.   The allegations in the first and second paragraphs of Paragraph 25 contain conclusions of law, to which no response is required. The State admins that the plaintiff provided NMFS sixty days' notice of its intent to sue.

26.   The allegations in Paragraph 26 contain conclusions of law, to which no response is required.

27.   Deny.

28.   To the extent that Paragraph 28 quotes the Endangered Species Act, the State admits that the quoted text is from the Endangered Species Act.

29.   To the extent that Paragraph 29 quotes the Endangered Species Act, the State admits that the quoted text is from the Endangered Species Act.

30.   To the extent that Paragraph 30 quotes USFWS regulations, the State admits that the quoted text is from USFWS regulations.

PROPOSED ANSWER - 4 -
Case No. 2:20-cv-00417-RAJ-MPL

Nossaman LLP
719 Second Avenue, Suite 1200
Seattle, WA  98104
Telephone:  206-395-7630

31.     To the extent that Paragraph 31 quotes the Endangered Species Act, the State admits that the quoted text is from the Endangered Species Act.

32.     To the extent that Paragraph 31 quotes the Endangered Species Act, the State admits that the quoted text is from the Endangered Species Act. To the extent that Paragraph 31 quotes NMFS regulations, the State admits that the quoted text is from NMFS regulations. The State denies the legal conclusions contained in Paragraph 31.

33.     To the extent that Paragraph 33 quotes the Endangered Species Act, the State admits that the quoted text is from the Endangered Species Act. To the extent that Paragraph 33 quotes NMFS regulations, the State admits that the quoted text is similar, though not identical, to NMFS regulations. The State denies the remainder of the Paragraph.

34.     To the extent that Paragraph 34 quotes the Endangered Species Act, the State admits that the quoted text is from the Endangered Species Act. To the extent that Paragraph 34 purports to characterize a court decision, the decision speaks for itself and no response is required.

35.     To the extent that Paragraph 33 quotes ESA regulations, the State admits that the quoted text is similar, though not identical, to ESA regulations.

36.     To the extent that Paragraph 36 quotes ESA and NMFS regulations, the State admits that the quoted text is from ESA and NMFS regulations.

37.     To the extent that Paragraph 37 quotes ESA and NMFS regulations, the State admits that the quoted text is from ESA and NMFS regulations.

PROPOSED ANSWER - 5 -
Case No. 2:20-cv-00417-RAJ-MPL

Nossaman LLP
719 Second Avenue, Suite 1200
Seattle, WA  98104
Telephone:  206-395-7630

38.     To the extent that Paragraph 38 quotes NMFS regulations, the State admits that the quoted text is from NMFS regulations.

39.     To the extent that Paragraph 39 quotes NMFS regulations, the State admits that the quoted text is from NMFS regulations.

40.     To the extent that Paragraph 40 quotes ESA and NMFS regulations, the State admits that the quoted text is from ESA and NMFS regulations. To the extent that Paragraph 40 purports to characterize a court decision, the decision speaks for itself and no response is required.

41.     To the extent that Paragraph 41 quotes ESA and NMFS regulations, the State admits that the quoted text is from ESA and NMFS regulations.

42.     To the extent that Paragraph 42 purports to characterize a court decision, the decision speaks for itself and no response is required. To the extent that Paragraph 42 quotes NMFS regulations, the State admits that the quoted text is from NMFS regulations.

43.     To the extent that Paragraph 43 quotes the National Environmental Policy Act, the State admits that the quoted text is from NEPA.

44.     To the extent that Paragraph 44 quotes the Council on Environmental Quality regulations, the State admits that the quoted text is from CEQ regulations.

45.     To the extent that Paragraph 45 quotes NEPA, the State admits that the quoted text is from NEPA.

PROPOSED ANSWER - 6 -
Case No. 2:20-cv-00417-RAJ-MPL

Nossaman LLP
719 Second Avenue, Suite 1200
Seattle, WA  98104
Telephone:  206-395-7630

46.     To the extent that Paragraph 46 quotes and characterizes NEPA, the State admits that the quoted text is from NEPA. The text of NEPA is self-evident and no response is required.

47.     To the extent that Paragraph 47 characterizes CEQ regulations, text of regulations is self-evident and no response is required.

48.     To the extent that Paragraph 48 characterizes CEQ regulations, text of regulations is self-evident and no response is required.

49.     To the extent that Paragraph 49 characterizes CEQ regulations, text of regulations is self-evident and no response is required.

50.     To the extent that Paragraph 50 quotes NEPA, the State admits that the quoted text is from NEPA.

51.     To the extent that Paragraph 51 quotes CEQ regulations, the State admits that the quoted text is from CEQ regulations. To the extent that Paragraph 51 purports to characterize court decisions, the decisions speak for themselves and no response is required.

52.     To the extent that Paragraph 52 quotes the Magnuson-Stevens Fishery Conservation and Management Act ("MSA"), the State admits that the quoted text is from the MSA.

53.     To the extent that Paragraph 53 quotes the MSA and a Presidential Proclamation, the State admits that the quoted text is from the MSA or a Presidential Proclamation.

PROPOSED ANSWER - 7 -
Case No. 2:20-cv-00417-RAJ-MPL

Nossaman LLP
719 Second Avenue, Suite 1200
Seattle, WA  98104
Telephone:  206-395-7630

54.     To the extent that Paragraph 54 quotes the MSA and Department of Commerce documents, the State admits that the quoted text is from the MSA or Department of Commerce documents.

55.     To the extent that Paragraph 59 purports to reflect the MSA, the text of the MSA is self-evident and no response is required

56.     To the extent that Paragraph 56 purports to reflect the MSA, the text of the MSA is self-evident and no response is required

57.     To the extent that Paragraph 57 purports to reflect the MSA, the text of the MSA is self-evident and no response is required

58.     To the extent that Paragraph 58 purports to reflect the MSA, the text of the MSA is self-evident and no response is required

59.     To the extent that Paragraph 59 purports to interpret the MSA, the text of the MSA is self-evident and no response is required

60.     To the extent that Paragraph 60 purports to interpret the Administrative Procedures Act ("APA"), the text of the APA is self-evident, and no response is required

61.     To the extent that Paragraph 61 quotes the APA, the State admits that the quoted text is from the APA.

62.     To the extent that Paragraph 62 purports to characterize a court decision, the decision speaks for itself and no response is required.

63.     To the extent that Paragraph 63 quotes the APA, the State admits that the quoted text is from the APA.

PROPOSED ANSWER - 8 -
Case No. 2:20-cv-00417-RAJ-MPL

Nossaman LLP
719 Second Avenue, Suite 1200
Seattle, WA  98104
Telephone:  206-395-7630

64.     The State admits that SRKWs are also known as orcas and are black and white marine mammals. The remaining allegations in Paragraph 64 are too ambiguous for the State to admit or deny.

65.     The State admits the allegations in this paragraph.

66.     Deny. The description of range and season migration is oversimplified and incorrect. SRKW are highly mobile and can travel up to approximately 86 miles in a single day.  Movements vary both daily and seasonally. SRKW are believed to spend roughly 50% of their time offshore annually; they spend the vast majority of their time offshore from October through April but make forays into the inshore areas of Puget Sound during this time frame though never exceeding 20% of the time.

67.     The State admits that in 2008 NMFS issued a recovery plan for SRKW. The remainder of the paragraph purports to characterize the recovery plan and the plan speaks for itself.

68.     The State admits that the SRKW population has declined in the past fifteen years. The remainder of the paragraph contains vague allegations to which the State cannot admit or deny, therefore the State must deny the same.

69.     To the extent that Paragraph 69 characterizes the SEAK BiOp, the text of the BiOp is self-evident and no response is required. The remainder of the paragraph contains vague allegations to which the State cannot admit or deny, therefore the State must deny the same.

PROPOSED ANSWER - 9 -
Case No. 2:20-cv-00417-RAJ-MPL

Nossaman LLP
719 Second Avenue, Suite 1200
Seattle, WA  98104
Telephone:  206-395-7630

70.     Admit that SRKW are considered a DPS of the subspecies of North Pacific resident killer whales. Deny as to the whale's diet. SRKW diet is not entirely fish, they have been documented to consume squid.

71.     The State denies the allegations in Paragraph 71.

72.     The State denies the allegations in Paragraph 72.

73.     Paragraph 73 cites a population assessment, the text of which is self-evident and no response is required.

74.     The State admits the allegations in this paragraph.

75.     The State admits that salmon are widely found in the northern Pacific Ocean and Hokkaido Island, Japan.

76.     The State admits the allegations in this paragraph.

77.     The State admits the allegations in this paragraph.

78.     The State admits the allegations in this paragraph.

79.     The State admits the allegations in this paragraph.

80.     The allegations in Paragraph 80 are too vague and ambiguous to permit proper response and the State denies them on that basis.

81.     To the extent that Paragraph 81 purports to reflect the MSA, the text of the MSA is self-evident and no response is required.

82.     To the extent that Paragraph 82 purports to reflect the MSA and the FMP for Southeast Alaska, the text of the MSA and the FMP is self-evident and no response is required.

PROPOSED ANSWER - 10 -
Case No. 2:20-cv-00417-RAJ-MPL

Nossaman LLP
719 Second Avenue, Suite 1200
Seattle, WA  98104
Telephone:  206-395-7630

83.     Deny. The FMP defines two areas a "West Area" and an "East Area" which are distinct from "Western Alaska" as referred to in this paragraph. Further, the NPFMC excluded three historic net fishing areas from the FMP that occur in the EEZ, and the commercial salmon fisheries that occur there, from the West Area: the Cook Inlet Area, Prince William Sound Area, and the Alaska Peninsula Area.

84.     Admit that NMFS retains oversight authority of Alaska's management of federal fisheries in Alaska. The NPFMC accepts the harvest levels set by the Pacific Salmon Commission and the State of Alaska, as long as those levels are consistent with the Council's policy and the objectives of this plan. Further, it accepts the allocations of harvests among the various groups of fishermen set by the Alaska Board of Fisheries, as long as those allocations are consistent with the Council's policy and objectives and the national standards of the Magnuson-Stevens Act.

85.     Deny. Chinook are the third most harvested species, after coho and chum salmon. The winter troll fishery does not occur in the EEZ; only summer troll and sport fisheries occur in the EEZ. The winter troll season is defined as October 11 through April 30 and is managed not to exceed a GHL of 45,000 non-Alaska hatchery produced Chinook salmon. The regulatory period for coho salmon retention in the troll fishery is June 15 through September 20. The regulatory period for coho salmon begins June 1.

86.     Admit that salmon fisheries East of Cape Suckling in Alaska are subject to the Pacific Salmon Treaty. The purpose of the Treaty is reflected in its text, which speaks for itself and no response is required

87.     The State admits the allegations in this paragraph.

PROPOSED ANSWER - 11 -
Case No. 2:20-cv-00417-RAJ-MPL

Nossaman LLP
719 Second Avenue, Suite 1200
Seattle, WA  98104
Telephone:  206-395-7630

88.     The State admits the allegations in this paragraph.

89.     The State admits the allegations in this paragraph.

90.     The State admits the allegations in this paragraph.

91.     The allegations in the first sentence are too vague to give rise to a proper response. The State denies the second sentence of Paragraph 91.

92.     To the extent that Paragraph 92 characterizes the SEAK BiOp, the text of the BiOp is self-evident and no response is required.

93.     To the extent that Paragraph 93 characterizes the SEAK BiOp, the text of the BiOp is self-evident and no response is required.

94.     To the extent that Paragraph 94 characterizes the SEAK BiOp, the text of the BiOp is self-evident and no response is required.

95.     To the extent that Paragraph 95 characterizes the SEAK BiOp, the text of the BiOp is self-evident and no response is required.

96.     To the extent that Paragraph 96 characterizes the SEAK BiOp, the text of the BiOp is self-evident and no response is required.

97.     To the extent that Paragraph 97 characterizes the SEAK BiOp, the text of the BiOp is self-evident and no response is required.

98.     To the extent that Paragraph 98 characterizes the SEAK BiOp, the text of the BiOp is self-evident and no response is required.

99.     To the extent that Paragraph 99 characterizes the SEAK BiOp, the text of the BiOp is self-evident and no response is required.

PROPOSED ANSWER - 12 -
Case No. 2:20-cv-00417-RAJ-MPL

Nossaman LLP
719 Second Avenue, Suite 1200
Seattle, WA  98104
Telephone:  206-395-7630

100.	To the extent that Paragraph 100 characterizes the SEAK BiOp, the text of the BiOp is self-evident and no response is required.

101.	To the extent that Paragraph 101 characterizes the SEAK BiOp, the text of the BiOp is self-evident and no response is required.

102.	To the extent that Paragraph 102 characterizes the SEAK BiOp, the text of the BiOp is self-evident and no response is required.

103.	To the extent that Paragraph 103 characterizes the SEAK BiOp, the text of the BiOp is self-evident and no response is required. To the extent that Paragraph 103 contains conclusions of law, no response is required. To the extent a response is required the State denies the allegations in this paragraph.

104.	Paragraph 104 contains conclusions of law, no response is required. To the extent a response is required the State denies the allegations in this paragraph.

105.	Paragraph 105 contains conclusions of law, no response is required. To the extent a response is required the State denies the allegations in this paragraph.

106.	Paragraph 106 contains conclusions of law, no response is required. To the extent a response is required the State denies the allegations in this paragraph.

107.	Paragraph 107 contains conclusions of law, no response is required. To the extent a response is required the State denies the allegations in this paragraph.

108.	Paragraph 108 contains conclusions of law, no response is required. To the extent a response is required the State denies the allegations in this paragraph.

109.	The first sentence is vague and no response is required. The State denies the second and third sentences of Paragraph 109. To the extent that Paragraph 109

PROPOSED ANSWER - 13 -
Case No. 2:20-cv-00417-RAJ-MPL

Nossaman LLP
719 Second Avenue, Suite 1200
Seattle, WA  98104
Telephone:  206-395-7630

characterizes the SEAK BiOp, the text of the BiOp is self-evident and no response is required.

110.   Paragraph 110 contains conclusions of law, no response is required. To the extent a response is required the State denies the allegations in this paragraph.

111.   The first sentence of Paragraph 110 contains conclusions of law, no response is required. To the extent a response is required the State denies the allegations in this paragraph. To the extent that Paragraph 111 characterizes the SEAK BiOp, the text of the BiOp is self-evident and no response is required.

112.   Paragraph 112 contains conclusions of law, no response is required. To the extent a response is required the State denies the allegations in this paragraph.

113.   To the extent that Paragraph 113 characterizes the SEAK BiOp, the text of the BiOp is self-evident and no response is required.

114.   The State denies the allegations in Paragraph 114.

115.   Paragraph 115 contains conclusions of law, no response is required. To the extent a response is required the State denies the allegations in this paragraph.

116.   The State denies the allegations in Paragraph 116.

117.   Paragraph 117 contains conclusions of law, no response is required. To the extent a response is required the State denies the allegations in this paragraph.

118.   The State denies the allegations in Paragraph 118.

119.   Paragraph 119 contains conclusions of law, no response is required. To the extent a response is required the State denies the allegations in this paragraph.

PROPOSED ANSWER - 14 -
Case No. 2:20-cv-00417-RAJ-MPL

Nossaman LLP
719 Second Avenue, Suite 1200
Seattle, WA  98104
Telephone:  206-395-7630

**AFFIRMATIVE DEFENSES**

1.     This Court may lack subject matter jurisdiction over some or all of

Plaintiff's claims.

2.     Plaintiff may lack standing.

3.     The claim is barred by the statute of limitations.

Dated: March 9, 2021                                    NOSSAMAN LLP
                                                        LINDA R. LARSON


                                        By: */s/ Linda R. Larson*
                                                Linda R. Larson

PROPOSED ANSWER - 15 -
Case No. 2:20-cv-00417-RAJ-MPL

Nossaman LLP
719 Second Avenue, Suite 1200
Seattle, WA  98104
Telephone:  206-395-7630

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2021, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants.

/s/ Linda R. Larson
Linda R. Larson

PROPOSED ANSWER - 16 -
Case No. 2:20-cv-00417-RAJ-MPL

Nossaman LLP
719 Second Avenue, Suite 1200
Seattle, WA  98104
Telephone:  206-395-7630