UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILD FISH CONSERVANCY,<br><br>                Plaintiff,<br><br>   v.<br><br>BARRY THOM, *et al.*,<br><br>                Defendants,<br><br>  and<br><br>ALASKA TROLLERS ASSOCIATION, *et al.*,<br><br>                Defendant-Intervenors. | Case No. C20-417-RAJ-MLP<br><br>ORDER |

This matter is before the Court on Plaintiff Wild Fish Conservancy's "Renewed Motion to Expedite" ("Plaintiff's Motion"). (Dkt. # 80.) Plaintiff seeks expedited review of this case based on this Court's determination that the Magnuson-Stevens Fishery and Conservation Management Act's ("Magnuson-Stevens Act") judicial review provision, 16 U.S.C. § 1855(f), applied in this action. (*Id.* at 1.)

Plaintiff previously filed its first motion to expedite on June 26, 2020. (Dkt. # 57.) On November 10, 2020, this Court struck Plaintiff's first motion to expedite without prejudice and

ORDER - 1

directed Plaintiff to refile after the Honorable Richard A. Jones ruled on the Court's then pending Report and Recommendation regarding Plaintiff's motion for preliminary injunction and the applicability of the Magnuson-Stevens Act. (Dkt. # 65 at 2.) On March 1, 2021, Judge Jones adopted this Court's Report and Recommendation. (Dkt. # 69 at 1.)

In Defendant's response to Plaintiff's Motion, Defendants state that they take no position on the timing of the Court's setting of hearing dates and consideration of motions but that they disagree with Plaintiff's characterization of how the Magnuson-Stevens Act applies to this matter. (Dkt. # 84 at 2.) Defendants note that, to the extent Plaintiff suggests Defendants will engage in undue delay, Defendants object to that category of expedition. (*Id.* at 4.) Defendants additionally note Plaintiff's proposed order contains an additional form of expedition not mentioned in Plaintiff's Motion in that it proposes the Court "require expedited scheduling from the parties on all matters." (*See* dkt. # 80-1 at 2.) Defendant-Intervenor Alaska Trollers Association joined and adopted Defendants' response to Plaintiff's Motion. (Dkt. # 84.)

The judicial review provision of the Magnuson-Stevens Act provides that: "Upon a motion by the person who files a petition under this subsection, the appropriate court shall assign the matter for hearing at the earliest possible date and shall expedite the matter in every possible way." 16 U.S.C. § 1855(f)(4). Because preliminary injunctive relief is not available under the 16 U.S.C. § 1855(f)(1)(A), "the Magnuson-Stevens Act trades preliminary relief for expedited review." *Blue Water Fishermen's Ass'n v. Nat'l Marine Fisheries Serv.*, 158 F.Supp.2d 118, 124 (D. Mass. 2001); *see also N.C. Fisheries Ass'n v. Gutierrez*, 518 F.Supp.2d 62, 72 (D.D.C. 2007) ("If the party challenging the Secretary's action so requests, the court is obliged to hold a hearing and to expedite the matter in every possible way.") (internal quotations omitted).

In this case, this Court's previous Report and Recommendation found the

ORDER - 2

Magnuson-Stevens Act "is applicable to Plaintiff's requested relief in this action," which was Plaintiff's request for the closure of the commercial troll salmon fisheries in federal waters off the coast of Southeast Alaska. (*See* dkt. # 51 at 15-16.) Therefore, because the Magnuson-Stevens Act applies to Plaintiff's requested relief, expedited review of this matter is proper pursuant to 16 U.S.C. § 1855(f)(4).

Accordingly, Plaintiff's Motion (dkt. # 80) is GRANTED. The Court will endeavor to assign the earliest possible hearing date to any matter requiring a hearing in this case, and to expedite consideration of this matter. Nevertheless, the Court maintains the parties' stipulated amended briefing schedule and its established deadlines at this time. (*See* dkt. ## 60, 79.)

The Clerk is directed to send copies of this Order to the parties and to Judge Jones.

Dated this 31st day of March, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3