HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILD FISH CONSERVANCY,

        Plaintiff,

  v.

JENNIFER QUAN, *et al.*,

        Defendants,

  and

ALASKA TROLLERS ASSOCIATION and STATE OF ALASKA,

        Defendant-Intervenors.

Case No. 2:20-cv-00417-RAJ

**ORDER DENYING THE PARTIES' MOTIONS TO STAY**

## I. INTRODUCTION

This matter comes before the Court on the parties' motions for a stay pending appeal of this Court's May 2, 2023 Order. (Dkt. ## 172, 177.) Having carefully considered the written arguments on both sides, and the record in this action, the Court **DENIES** the motions for the reasons set forth below.

## II. BACKGROUND

The background of this case is detailed extensively in the Reports & Recommendations issued by Magistrate Judge Michelle L. Peterson dated September 27,

ORDER – 1

2021 and December 13, 2022. (*See* Dkt. # 111 at 2-14; Dkt. # 144 at 3-12.) The Court will provide a brief summary of the issues for purposes of the current motions.

The Court determined that the 2019 biological opinion for southeast Alaska salmon fisheries ("2019 BiOp") violated the Endangered Species Act because (1) it relied on uncertain mitigation to find no jeopardy to the Southern Resident Killer Whales ("SRKW") and (2) it failed to evaluate whether the prey increase program would jeopardize the Chinook salmon. (Dkt. # 111 at 34.) The Court also found violations of the National Environmental Policy Act ("NEPA") because the National Marine Fisheries Service issued and adopted the 2019 BiOp without conducting proper NEPA procedures. (*Id.* at 38.) On May 2, 2023, the Court adopted several recommendations, including that (1) the 2019 BiOp be remanded to the National Marine Fisheries Service and (2) the portions of the 2019 BiOp authorizing "take" of SRKW and Chinook salmon during the winter and summer seasons be vacated. (Dkt. # 165.) The Court further adopted the recommendation that the prey increase program for the SRKW be remanded without vacatur. (*Id.*) Thereafter, the parties filed notices of appeal with the Ninth Circuit along with current motions to stay the May 2, 2023 Order pending appeal. (Dkt. ## 170, 171, 172, 177.)

### III.  DISCUSSION

The State of Alaska, one of the Intervenor Defendants, asks the Court to stay the portion of its May 2, 2023 Order that vacates the 2019 SEAK BiOp's incidental take statement pending appeal. (Dkt. # 172.) Plaintiff Wild Fish Conservancy ("Conservancy") also seeks a stay but asks the Court to stay the portion of the Order regarding the prey increase program. (Dkt. # 177.)

A stay pending appeal is not a matter of right, but rather "an exercise of judicial discretion" that depends upon "the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009). The question of whether a stay pending appeal is warranted requires consideration of four factors: "(1) whether the stay applicant has made a strong

ORDER – 2

showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id*. at 426 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [this Court's] discretion." *Id*. at 433-34.

### A. Intervenor Defendant Alaska's Motion for a Stay

The State of Alaska argues that the Court erred by not considering the consequences of vacating part of the incidental take statement. (Dkt. # 172 at 2.) Specifically, Alaska claims that the Court erred by focusing on the potential environmental harm while failing to account for the certain economic, cultural, and social harm to the troll fleet and the Southeast Alaskan communities that are dependent on these fisheries. (*Id.*) Alaska adds that any additional increases in wild Chinook salmon will not immediately impact the SRKW population and that staying any reduction in harvest benefits the public interest. (*Id.*)

As this Court and other district courts have noted, "the Ninth Circuit has only found remand without vacatur warranted by equity concerns in limited circumstances, namely serious irreparable environmental injury." *Ctr. for Food Safety v. Vilsack*, 734 F. Supp. 2d 948, 953 (N.D. Cal. 2010). Nonetheless, the Court undertook an extensive analysis of the economic consequences raised by Defendants and did not take those economic consequences lightly in adopting vacatur as the remedy. (*See* Dkt. # 144 at 30.) Ultimately, the Court concluded those consequences did not overcome the seriousness of National Marine Fisheries Service's violations given the presumption of vacatur, the harm posed to the SRKW by leaving the incidental take statement in place, and the Court's mandate to protect the endangered species. (*Id.*) Accordingly, the Court finds that Alaska will not succeed on the merits. Alaska has also failed to show the other factors warrant a stay. As the Report and Recommendation notes, and as Defendants have

ORDER – 3

conceded, vacatur of the incidental take statement does not result in a prohibition on fishing in and of itself in federal or state waters; rather, it means there is no exemption from liability under Section 9 of the Endangered Species Act in the event that take occurs. (Dkt. # 144 at 30 n. 17.) For these reasons, the Court denies Alaska's motion to stay.

### B. The Conservancy's Motion to Stay

The Conservancy argues for a stay on the ground that the presumption of vacatur has not been overcome with respect to prey increase program. (Dkt. # 177 at 8.) In support of its motion, the Conservancy claims that withholding vacatur will result in significant adverse ecological impacts, threatening the survival and recovery of Chinook salmon. (*Id.* at 15.) The Conservancy claims that the requested stay would reduce harm to threatened Chinook salmon without risking harm to SRKWs. (*Id.* at 16.)

For several reasons, the Court finds that the Conservancy has not made the required showing for a stay. First, the Conservancy's argument contradicts the findings made by both parties that a significant interruption of the prey increase program would result in a certain environmental harm to the SRKW by eliminating a targeted source of prey. (Dkt. # 144 at 30-31.) The Conservancy's own expert stated that under existing conditions, SRKW are not getting enough Chinook salmon and require a rapid increase to avoid functional extinction. (Dkt. # 127-1, ¶ 18.) The potential extinction of an animal species—an irreparable environmental injury—has been sufficient for courts to order remand without vacatur. *See Idaho Farm Bureau Federation v. Babbitt,* 58 F.3d 1392, 1405 (9th Cir. 1995). The Court has also considered the setback to any future resumption of the prey increase program while National Marine Fisheries Service attempts to cure the violations with the 2019 BiOp as exacerbating environmental harm. (Dkt. # 144 at 30-31.)

The Court also found that enjoining the prey increase program would likely have further cascading impacts to commercial and recreational fisheries off the coast of

ORDER – 4

Washington, in Puget Sound and other areas. (*See* Dkt. # 144 at 33.) Thus, vacatur of the prey increase program would increase the prospect that Chinook salmon abundances would fall below thresholds specified in other BiOps authorizing fisheries not at issue in this action. (*Id.* at 32.) And while hatchery production poses some risk to wild salmon populations, the Court determined that those risks can be mitigated to minimize negative effects on the threatened Chinook salmon. (*Id.* at 35.) For these reasons, the Court finds that the Conservancy is unlikely to show a likelihood of success on the merits, irreparable injury absent a stay, or that a stay is in the public interest.

## IV.  CONCLUSION

For the reasons above, the Court **DENIES** the parties' motions to stay. (Dkt. ## 172, 177.) Nothing in this Order precludes the parties from applying to the Ninth Circuit for a stay of the May 2, 2023 Order. *See* Fed. R. App. P. 8(a)(2).

DATED this 26th day of May, 2023.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 5