HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILD FISH CONSERVANCY,

    Plaintiff,

v.

JENNIFER QUAN, in her official capacity
as Acting Regional Administrator for the
National Marine Fisheries Service, *et al.*,

    Defendants,

and

ALASKA TROLLERS ASSOCIATION,
and STATE OF ALASKA,

    Defendant-Intervenors.

Case No. 2:20-cv-00417-RAJ-MLP

PLAINTIFF'S MOTION FOR AN
AWARD OF FEES AND COSTS

NOTE ON MOTION CALENDAR:
January 2, 2025

PLAINTIFF'S MOTION FOR AN AWARD
OF FEES AND COSTS - 1
Case No. 2:20-cv-00417-RAJ-MLP

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

CORR CRONIN, LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
(206) 625-8600

1

## TABLE OF CONTENTS

2  TABLE OF AUTHORITIES. ....................................................................................................3

3  GLOSSARY OF ACRONYMS. ..........................................................................................6

4  I.    MOTION. ...............................................................................................................7

5  II.   INTRODUCTION. ................................................................................................7

6  III.  BACKGROUND. ...................................................................................................8

7
   IV.   ARGUMENT. ......................................................................................................10
8
         A.    The Conservancy Is Entitled to a Fee Award Under EAJA
9               and the ESA. ...........................................................................................10

10              1.    The Conservancy is a prevailing party..........................................10

11              2.    NMFS's position was not substantially justified. .......................11
12
         B.    The Conservancy's Lodestar Is Reasonable. .........................................13
13
                1.    The Conservancy's requested rates are reasonable.....................13
14
                2.    The Conservancy's requested hours are reasonable. .................14
15
16       C.    The Conservancy Should Be Awarded a Fully
17              Compensatory Fee. ................................................................................14

18       D.    The Conservancy Is Entitled to an Award of Its Costs.........................17
19
   V.    CONCLUSION. ..................................................................................................18
20
   LCR 7(e) Certification. .................................................................................................18
21
   APPENDIX....................................................................................................................19
22

23

24

25

26

27

28

29

PLAINTIFF'S MOTION FOR AN AWARD
OF FEES AND COSTS - 2
Case No. 2:20-cv-00417-RAJ-MLP

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

CORR CRONIN, LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
(206) 625-8600

**TABLE OF AUTHORITIES**

<u>**Cases**</u>

*Am. Unites for Kids v. Rousseau*,
    985 F.3d 1075 (9th Cir. 2021) .......................................................................10

*Blum v. Stenson*,
    465 U.S. 886 (1984)........................................................................................14

*Cabrales v. Cnty. of L.A.*,
    935 F.2d 1050 (9th Cir. 1991) ...........................................................15, 16, 17

*Carter v. Caleb Brett LLC*,
    757 F.3d 866 (9th Cir. 2014) .......................................................................14

*Ctr. for Biological Diversity v. Marine Point Dev. Co.*,
    560 F.3d 903 (9th Cir. 2009) .......................................................................10

*Ctr. for Food Safety v. Regan*,
    56 F.4th 648 (9th Cir. 2022) ...................................................................16, 17

*Ctr. for Food Safety v. Vilsack*,
    No. C-08-00484 JSW (EDL),
    2011 U.S. Dist. LEXIS 144428 (N.D. Cal. Oct. 13, 2011)..............................15

*Chalmers v. City of Los Angeles*,
    796 F.2d 1205 (9th Cir. 1986) .......................................................................14

*Church of the Holy Light of the Queen v. Holder*,
    584 F. App'x. 457 (9th Cir. 2014) .................................................................15

*Comm'r, Immigr. & Naturalization Serv. v. Jean*,
    496 U.S. 154 (1990)................................................................................11, 15

*Gates v. Gomez*,
    60 F.3d 525 (9th Cir. 1995) .......................................................................14

*Geertson Seed Farms v. Johanns*,
    No. C 06-01075 CRB,
    2011 U.S. Dist. LEXIS 129381 (N.D. Cal. Nov. 8, 2011)..............................15

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983)........................................................................ *passim*

*Ibrahim v. U.S. Dep't of Homeland Sec.*,
    912 F.3d 1147 (9th Cir. 2019) (en banc) ....................................8, 15, 16

PLAINTIFF'S MOTION FOR AN AWARD
OF FEES AND COSTS - 3
Case No. 2:20-cv-00417-RAJ-MLP

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

CORR CRONIN, LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
(206) 625-8600

*Int'l Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan*,
    792 F.2d 762 (9th Cir. 1985) ........................................................................17

*Jianping Li v. Keisler*,
    505 F.3d 913 (9th Cir. 2007) ......................................................................11

*Kerr v. Screen Extras Guild, Inc.*,
    526 F.2d 67 (9th Cir. 1975) ........................................................................14

*Love v. Reilly*,
    924 F.2d 1492 (9th Cir. 1991) ....................................................................13

*Marbled Murrelet v. Babbitt*,
    182 F.3d 1091 (9th Cir. 1999) ....................................................................10

*Marbled Murrelet v. Pac. Lumber Co.*,
    163 F.R.D. 308 (N.D. Cal. 1995) ...........................................................13, 17

*Meier v. Colvin*,
    727 F.3d 867 (9th Cir. 2013) ......................................................................12

*Mendenhall v. Nat'l Transp. Safety Bd.*,
    92 F.3d 871 (9th Cir. 1996) ........................................................................11

*Moore v. Jas. H. Matthews & Co.*,
    682 F.2d 830 (9th Cir. 1982) .................................................................15, 17

*Moreno v. City of Sacramento*,
    534 F.3d 1106 (9th Cir. 2008) ....................................................................14

*Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*,
    524 F.3d 917 (9th Cir. 2008) ......................................................................12

*Nat. Res. Def. Council, Inc. v. Winter*,
    543 F.3d 1152 (9th Cir. 2008) ....................................................................15

*Nat. Res. Def. Council v. U.S. Env't Prot. Agency*,
    489 F.3d 1250 (D.C. Cir. 2007) ..................................................................17

*Or. Nat. Desert Ass'n v. Bureau of Land Mgmt.*,
    223 F. Supp. 3d 1147 (D. Or. 2016) ...........................................................11

*Or. Nat. Desert Ass'n v. Rose*,
    845 F. App'x 700 (9th Cir. 2021) ...............................................................11

*Pierce v. Underwood*,
    487 U.S. 552 (1988) ...................................................................................11

PLAINTIFF'S MOTION FOR AN AWARD
OF FEES AND COSTS - 4
Case No. 2:20-cv-00417-RAJ-MLP

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

CORR CRONIN, LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
(206) 625-8600

*Ramsey v. Kantor*,
    96 F.3d 434 (9th Cir. 1996) ...........................................................................12

*St. John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist.*,
    574 F.3d 1054 (9th Cir. 2009) .......................................................................11

*San Luis & Delta-Mendota Water Auth. v. Jewell*,
    747 F.3d 581 (9th Cir. 2014) .........................................................................12

*Thomas v. Peterson*,
    841 F.2d 332 (9th Cir. 1988) .........................................................................11

*United States v. Marolf*,
    277 F.3d 1156 (9th Cir. 2002) .......................................................................11

*Versteeg v. Colvin*,
    No. 3:16-cv-05075-RBL,
    2016 U.S. Dist. LEXIS 158157 (W.D. Wash. Nov. 15, 2016) ......................12

*Wild Fish Conservancy v. Wash. Dep't of Fish & Wildlife*,
    No. 21-cv-169,
    2024 U.S. Dist. LEXIS 59027 (W.D. Wash. Mar. 30, 2024) .........................14

*Wood v. Burwell*,
    837 F.3d 969 (9th Cir. 2016) .........................................................................11


**Statutes**

16 U.S.C. § 1540 ..............................................................................................10, 17

28 U.S.C. § 2412 ................................................................................10, 11, 13, 17


**Regulations**

50 C.F.R. § 402.14 ...................................................................................................12

PLAINTIFF'S MOTION FOR AN AWARD
OF FEES AND COSTS - 5
Case No. 2:20-cv-00417-RAJ-MLP

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

CORR CRONIN, LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
(206) 625-8600

## GLOSSARY OF ACRONYMS

| | |
|---|---|
| AR | Administrative Record |
| BiOp | Biological Opinion |
| EAJA | Equal Access to Justice Act |
| EIS | Environmental Impact Statement |
| ESA | Endangered Species Act |
| ITS | Incidental Take Statement |
| NEPA | National Environmental Policy Act |
| NMFS | National Marine Fisheries Service |
| SEAK | Southeast Alaska |
| SRKW | Southern Resident killer whales |

PLAINTIFF'S MOTION FOR AN AWARD
OF FEES AND COSTS - 6
Case No. 2:20-cv-00417-RAJ-MLP

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

CORR CRONIN, LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
(206) 625-8600

I.    **MOTION.**

Plaintiff Wild Fish Conservancy ("Conservancy") respectfully moves for an award of attorneys' fees and costs against Federal Defendants National Marine Fisheries Service, et al. ("NMFS") under the Equal Access to Justice Act ("EAJA") and section 11(g)(4) of the Endangered Species Act ("ESA") totaling $2,278,891.00 plus fees and costs incurred between the filing of this motion and the final determination thereon. The Conservancy and NMFS conferred regarding the relief requested herein but have been unable to reach agreement. Fifth Decl. of Brian A. Knutsen ("Fifth Knutsen Decl.") ¶ 3.

II.    **INTRODUCTION.**

The Conservancy is entitled to an award of fees and costs because it prevailed on all claims. The amount requested is warranted because the Conservancy obtained an excellent outcome and because the proposed hourly rates and hours expended are reasonable.

The Conservancy brought this case over concerns that NMFS approved commercial salmon harvests in Southeast Alaska, and adopted increases in hatchery production in the Pacific Northwest, without adequate ESA review to protect endangered Southern Resident killer whales ("SRKW") and threatened Chinook salmon and without evaluations and public vetting under the National Environmental Policy Act ("NEPA"). This litigation was contentious, drawing intervention from the State of Alaska and an industry association, and spanned nearly five years. In the end, the lawsuit generated two public NEPA processes, culminating in two environmental impact statements ("EIS"), and two new ESA consultations that produced two biological opinions ("BiOp") that impose extensive new restrictions intended to protect ESA-listed species. That is an excellent result under any measure.

The Conservancy has expended significant efforts pursuing this citizen suit, with its attorneys incurring nearly 5,000 hours. Those attorneys have worked on a contingency basis, as the Conservancy would have been unable to bring this lawsuit if it was required to pay attorney fees. EAJA was enacted for cases like this—to create "a level playing field in cases in which there is an imbalance of power and resources" by reducing financial disincentives for those who

PLAINTIFF'S MOTION FOR AN AWARD OF FEES AND COSTS - 7
Case No. 2:20-cv-00417-RAJ-MLP

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

CORR CRONIN, LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
(206) 625-8600

seek to challenge illegal agency conduct. *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1179 (9th Cir. 2019) (en banc). EAJA accomplishes this by ensuring that plaintiffs like the Conservancy are awarded their fees and costs after succeeding in litigation challenging unlawful agency action.

## III.    BACKGROUND.

The United States and Canada reached an agreement under the Pacific Salmon Treaty in 2018 that set harvest limits for certain fisheries for 2019 through 2028. *See* AR 47194–95. NMFS consulted under the ESA on those fishing regimes for Southeast Alaska and issued a BiOp in April 2019 ("SEAK BiOp"). AR 47173–76. While the 2019 Pacific Salmon Treaty reduced harvests somewhat, it was insufficient for SRKWs and Puget Sound Chinook salmon. AR 47201–02. NMFS therefore included three mitigation components in the SEAK BiOp, including the prey increase program that sought to increase hatchery production in the Pacific Northwest. AR 47202–03.

The SEAK BiOp concluded that the fisheries are not likely to jeopardize ESA-listed species and included an incidental take statement ("ITS") for the fisheries. *See* AR 47517–527. The only "take" limit imposed on the fisheries for the protection of SRKWs and Chinook salmon was the harvest limit under the 2019 Pacific Salmon Treaty; i.e., so long as the fisheries did not harvest more salmon than permitted under the Treaty, the fisheries were in compliance with the take limits for SRKWs and threatened Chinook salmon. AR 47518–19. The ITS did not impose any restrictions on the prey increase program to reduce harm to threatened salmonids. *See* AR 47518–19, 47524–27.

The Conservancy brought suit on March 18, 2020 over concerns that the SEAK BiOp failed to adequately evaluate impacts from the fisheries and the prey increase program and to ensure that those activities will not jeopardize SRKWs and Chinook salmon. Dkt. 1; Decl. of Emma Helverson ("Helverson Decl.") ¶ 13. The Conservancy was also concerned that NMFS approved the fisheries and the prey increase without any public input or other processes under NEPA. *Id.* The complaint alleged three claims: (1) NMFS failed to ensure that its actions would

PLAINTIFF'S MOTION FOR AN AWARD
OF FEES AND COSTS - 8
Case No. 2:20-cv-00417-RAJ-MLP

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

CORR CRONIN, LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
(206) 625-8600

not jeopardize ESA-listed species in violation of section 7(a)(2) of the ESA by adopting and implementing the SEAK BiOp; (2) NMFS's SEAK BiOp is arbitrary, capricious, and not in accordance with law; and (3) NMFS adopted and implemented the SEAK BiOp in violation of NEPA. Dkt. 1 ¶¶ 114–19. The Alaska Trollers Association and the State of Alaska intervened on April 23, 2020 and March 30, 2021, respectively. *See* Dkts. 25, 88.

The Court granted the Conservancy's motion for summary judgment on liability on all three claims and denied NMFS's and the intervenors' cross-motions on August 8, 2022. Dkts. 111, 122. The Court held that the SEAK BiOp was not in accordance with the ESA, that NMFS was violating its substantive duty under section 7 of the ESA to ensure that its actions do not jeopardize ESA-listed species, and that NMFS violated NEPA by not providing any NEPA procedures for the ITS authorizing the fisheries and for the prey increase program. Dkt. 111 at 25–38.

The Court partially granted the Conservancy's motion on remedies on May 2, 2023. Dkts. 144, 165. The Court granted the Conservancy's requests to remand the SEAK BiOp to NMFS with instructions to remedy the ESA and NEPA violations and to partially vacate the ITS for the fisheries. Dkt. 144 at 39–40. The Court denied the Conservancy's request to vacate or enjoin the prey increase program. *Id.* at 40.

All parties appealed. Dkts. 167, 170, 171, 186. The Ninth Circuit issued a memorandum disposition on August 16, 2024 reversing the Court's partial vacatur of the ITS for the fisheries and affirming the decision to leave the prey increase program in place during remand. Dkt. 199. The Ninth Circuit emphasized NMFS's commitment to limit the remand period during which time its illegal actions would remain in effect, noting the agency committed to issuing new decisions by December 1, 2024. *Id.* at 8.

In response to this Court's remand, NMFS underwent two public NEPA processes, one for the fisheries and one for the prey increase program, and completed two EISs in September 2024. *See* Fifth Knutsen Decl. 49–50, 87, 89. In addition to public meetings and Tribal conferrals, NMFS received nearly 1,400 written comments from a range of interested parties

PLAINTIFF'S MOTION FOR AN AWARD OF FEES AND COSTS - 9
Case No. 2:20-cv-00417-RAJ-MLP

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

CORR CRONIN, LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
(206) 625-8600

during these NEPA processes. *See* Fifth Knutsen Decl. 50, 89. NMFS also completed two new ESA section 7 consultations and issued two new BiOps in September 2024. *See id.* at 67, 70, 100, 103. As a result of these processes, NMFS imposed new take limits on the fisheries to protect SRKWs and Chinook salmon; i.e., NMFS applied take limits beyond the Pacific Salmon Treaty's harvest caps, which was the only limit in the SEAK BiOp for SRKWs and Chinook salmon. *Id.* at 75–80. Similarly, the prey increase program BiOp included an ITS that imposed all new limits and requirements on that program. *See id.* at 107–12.

## IV.  ARGUMENT.

### A.    The Conservancy Is Entitled to a Fee Award Under EAJA and the ESA.

EAJA authorizes a fees and costs award for the second and third claims, challenging the SEAK BiOp and NMFS's NEPA compliance, because they arise under the Administrative Procedure Act, which does not otherwise provide for such awards. *See* Dkt. 1 ¶¶ 117, 119; 28 U.S.C. § 2412(d)(1)(A). The Conservancy meets EAJA's "party" definition for fee awards. *See* 28 U.S.C. § 2412(d)(2)(B); Helverson Decl. ¶ 3. The ESA citizen suit provision authorizes fee awards for the first claim, alleging that NMFS violated its substantive duty to ensure that its actions do not jeopardize ESA-listed species. *See* Dkt. 1 ¶ 115; 16 U.S.C. § 1540(g)(4). The Conservancy is entitled to an award under both EAJA and the ESA because it prevailed on its claims and because EAJA's additional conditions are satisfied.

### 1.    The Conservancy is a prevailing party.

Under EAJA and the ESA, a party that prevailed is entitled to an award of fees and costs. *See* 28 U.S.C. § 2412(d)(1)(A); *Ctr. for Biological Diversity v. Marine Point Dev. Co.*, 560 F.3d 903, 915 (9th Cir. 2009)[1]; *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1093–94 (9th Cir. 2021) (interpreting citizen suit provisions similar to the ESA to require fee awards to prevailing

---

[1] The Ninth Circuit no longer requires parties seeking an award show that the lawsuit made contributions to the ESA. *See Marbled Murrelet v. Babbitt*, 182 F.3d 1091, 1093–96 (9th Cir. 1999). Regardless, that test is met here because this lawsuit resulted in greater protections for ESA-listed species and provided guidance on ESA interpretation.

PLAINTIFF'S MOTION FOR AN AWARD
OF FEES AND COSTS - 10
Case No. 2:20-cv-00417-RAJ-MLP

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

CORR CRONIN, LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
(206) 625-8600

plaintiffs in the absence of rare special circumstances).

Parties prevail where "they succeed on any significant issue in the litigation which achieves some of the benefit" sought. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also St. John's Organic Farm v. Gem Cnty. Mosquito Abatement Dist.*, 574 F.3d 1054, 1059 (9th Cir. 2009) ("[A]n extremely small amount of relief is sufficient[.]"). The Conservancy is plainly a prevailing party because it prevailed on all three claims and the Court remanded the SEAK BiOp with instructions for NMFS to address the violations. *See* Dkt. 111 at 25–38, 39; Dkt. 144 at 39–40; *Wood v. Burwell*, 837 F.3d 969, 973–78 (9th Cir. 2016).

## 2. <u>NMFS's position was not substantially justified.</u>

Courts "shall award" fees to prevailing plaintiffs under EAJA unless the defendant's position was "substantially justified." 28 U.S.C. § 2412(d)(1)(A); *see also Thomas v. Peterson*, 841 F.2d 332, 335 (9th Cir. 1988). The government has the burden of proving that it was substantially justified "on the whole" for the entire action. *United States v. Marolf*, 277 F.3d 1156, 1160–61 (9th Cir. 2002); *see also Comm'r, Immigr. & Naturalization Serv. v. Jean*, 496 U.S. 154, 158–62 (1990).

To preclude fees, a defendant's position, meaning the challenged agency decision **and** its litigation position, must have a "reasonable basis **both** in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (emphasis added); *see* 28 U.S.C. § 2412(d)(2)(D). Thus, "[a] reasonable litigation position does not establish substantial justification in the face of a clearly unjustified underlying action." *Marolf*, 277 F.3d at 1163–64; *see also Or. Nat. Desert Ass'n v. Bureau of Land Mgmt.*, 223 F. Supp. 3d 1147, 1152 (D. Or. 2016). Even in a "factually dense" case, "[a] finding that an agency's position was substantially justified when the agency's position was based on violations of the Constitution, federal statute or the agency's own regulations, constitutes an abuse of discretion." *Or. Nat. Desert Ass'n v. Rose*, 845 F. App'x 700, 702 (9th Cir. 2021); *Mendenhall v. Nat'l Transp. Safety Bd.*, 92 F.3d 871, 874 (9th Cir. 1996); *see also Jianping Li v. Keisler*, 505 F.3d 913, 919 (9th Cir. 2007). NMFS cannot establish that this is a "rare case" where, despite its errors, both its challenged actions and litigation positions were

PLAINTIFF'S MOTION FOR AN AWARD
OF FEES AND COSTS - 11
Case No. 2:20-cv-00417-RAJ-MLP

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

CORR CRONIN, LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
(206) 625-8600

1    substantially justified. *See Versteeg v. Colvin*, No. 3:16-cv-05075-RBL, 2016 U.S. Dist. LEXIS

2    158157, at *4 (W.D. Wash. Nov. 15, 2016); *see also Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir.

3    2013).

4        The Ninth Circuit has long held that a BiOp's mitigation must be subject to "specific and

5    binding plans" and "under agency control or otherwise reasonably certain to occur." *Nat'l*

6    *Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 524 F.3d 917, 935–36 & n.17 (9th Cir. 2008).

7    The SEAK BiOp came nowhere close to meeting those standards, as all three mitigation

8    components lacked specific and binding plans and were not subject to agency control or certain

9    to occur. Dkt. 111 at 27–31. Similarly, NMFS's regulations unambiguously require that a BiOp

10   provide an opinion on whether the "action" is likely to jeopardize species, but NMFS omitted

11   that key component for the prey increase program. 50 C.F.R. § 402.14(h)(1)(iv); Dkt. 111 at 31–

12   33. NMFS's position also did not have a reasonable basis in law because the Ninth Circuit

13   previously held that NEPA is required for an ITS authorizing salmon fisheries. *Ramsey v.*

14   *Kantor*, 96 F.3d 434, 444 (9th Cir. 1996). Similarly, NMFS's failure to comply with NEPA for

15   the prey increase program was not reasonable because the Ninth Circuit previously held that an

16   agency is responsible for NEPA when it adopts actions prescribed in a BiOp. *San Luis & Delta-*

17   *Mendota Water Auth. v. Jewell*, 747 F.3d 581, 642–55 (9th Cir. 2014).

18       Instead of conceding these errors, NMFS pursued arguments that lacked a reasonable

19   basis in law and fact. For example, NMFS continuously represented that the mitigation was

20   being fully implemented as contemplated, despite never developing the Hood Canal conservation

21   hatchery program. NMFS also defended its failure to comply with NEPA despite previously

22   acknowledging that an ITS for these very same fisheries triggered NEPA. *See* AR 47948, 47952–

23   53. Further, NMFS represented, and the Ninth Circuit accepted, that NMFS would readopt the

24   same fisheries ITS on remand. Fifth Knutsen Decl. 239; Dkt. 199 at 5–6. That was inaccurate, as

25   NMFS determined on remand that new take limits on the fisheries were needed to protect

26   SRKWs and Chinook salmon. *Supra* sec. III; *compare* AR 47518–19, *with* Fifth Knutsen Decl.

27   75–80.

PLAINTIFF'S MOTION FOR AN AWARD
OF FEES AND COSTS - 12
Case No. 2:20-cv-00417-RAJ-MLP

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

CORR CRONIN, LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
(206) 625-8600

**B.**     **The Conservancy's Lodestar Is Reasonable.**

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433.

**1.**     **The Conservancy's requested rates are reasonable.**

The Conservancy seeks rates as summarized in the Appendix appended hereto. EAJA caps rates at $125 per hour, adjusted for inflation[2], except under certain circumstances, "such as the limited availability of qualified attorneys for the proceedings involved." 28 U.S.C. § 2412(d)(2)(A). A three-part test is used to evaluate whether to award market rates: (1) "the attorney must possess distinctive knowledge and skills developed through a practice specialty;" (2) "those distinctive skills must be needed in the litigation;" and (3) "those skills must not be available elsewhere at the statutory rate." *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991). For ESA citizen suit claims, courts apply "prevailing market rates in the relevant legal community." *Marbled Murrelet v. Pac. Lumber Co.*, 163 F.R.D. 308, 316 (N.D. Cal. 1995).

Kampmeier & Knutsen (and George Kimbrell and Peter M. Lacy) should be awarded market rates under EAJA.[3] Those attorneys have extensive experience and expertise in federal environmental litigation. Knutsen Decl. ¶¶ 4–22, 33–42; Decl. of Emma Bruden ("Bruden Decl.") ¶¶ 2–11; Decl. of Paul Kampmeier ("Kampmeier Decl.") ¶¶ 2–7; Decl. of David H. Becker ("Becker Decl.") ¶¶ 68–72. Such expertise was needed for the successful outcome of this case. Becker Decl. ¶¶ 66–67; Fifth Knutsen Decl. ¶ 23; Helverson Decl. ¶¶ 23–28. Attorneys possessing such expertise are not available at EAJA rates. Decl. of Claire Tonry ("Tonry Decl.") ¶ 22; Fifth Knutsen Decl. ¶ 28; Kampmeier Decl. ¶ 10; Helverson Decl. ¶¶ 27–29; *see also* Becker Decl. ¶ 73. The rates sought for these attorneys are reasonable based on their "skill,

---

[2] The Ninth Circuit specifies the inflation-adjusted EAJA rates. *See* U.S. Courts for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Dec. 12, 2024).
[3] The Conservancy is not seeking rates above EAJA's adjusted cap for Corr Cronin, LLP.

PLAINTIFF'S MOTION FOR AN AWARD
OF FEES AND COSTS - 13
Case No. 2:20-cv-00417-RAJ-MLP

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

CORR CRONIN, LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
(206) 625-8600

experience, and reputation," as well as the prevailing market rates of attorneys with comparable

specialization and skills. *See Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir.

1986); *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); Tonry Decl. ¶¶ 10–21; Fifth Knutsen

Decl. ¶¶ 24–27, 42; Kampmeier Decl. ¶¶ 8–9. The rates are consistent with those recently

affirmed by this Court for Kampmeier & Knutsen. *See Wild Fish Conservancy v. Wash. Dep't of

Fish & Wildlife*, No. 21-cv-169, 2024 U.S. Dist. LEXIS 59027, at *12–13 (W.D. Wash. Mar. 30,

2024); Tonry Decl. ¶ 11; Fifth Knutsen Decl. ¶ 27 & pp. 43–45.

### 2.      The Conservancy's requested hours are reasonable.

The Conservancy's attorney time was necessary to effectively prosecute this case. Becker

Decl. ¶¶ 30–63; Fifth Knutsen Decl. ¶¶ 43–53. The attorneys kept detailed and contemporaneous

time records, provided herewith, and omitted potentially non-compensable time. Fifth Knutsen

Decl. ¶¶ 29–32; Bruden Decl. ¶¶ 13–14; Kampmeier Decl. ¶¶ 11–12; Decl. of Eric Lindberg ¶¶

7–9. This time is presumptively reasonable. *See Gates v. Gomez*, 60 F.3d 525, 534–35 (9th Cir.

1995). As the Ninth Circuit has instructed,  "lawyers are not likely to spend unnecessary time on

contingency fee cases," thus, "[b]y and large, the court should defer to the winning lawyer's

professional judgment as to how much time he was required to spend on the case; after all, he

won, and he might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534

F.3d 1106, 1112 (9th Cir. 2008). "[T]he time sought by the Conservancy was reasonably

expended by their attorneys to advance or protect its interests in enhancing the survival and

recovery of ESA-listed orcas and Chinook salmon." Becker Decl. ¶ 34.

### C.      The Conservancy Should Be Awarded a Fully Compensatory Fee.

Calculation of the lodestar "does not end the inquiry;" the Court may then "adjust the fee

upward or downward" based on a consideration of the *Kerr* factors, "including the important

factor of the 'results obtained.'" *Hensley*, 461 U.S. at 434 (citation omitted); *see also Carter v.

Caleb Brett LLC*, 757 F.3d 866, 868–69 (9th Cir. 2014) (citing *Kerr v. Screen Extras Guild, Inc.*,

526 F.2d 67 (9th Cir. 1975)). The Conservancy should be awarded its full lodestar because it

prevailed on all claims and achieved excellent results.

PLAINTIFF'S MOTION FOR AN AWARD
OF FEES AND COSTS - 14
Case No. 2:20-cv-00417-RAJ-MLP

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

CORR CRONIN, LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
(206) 625-8600

Plaintiffs are entitled to a "fully compensatory fee"—i.e., compensation for "all hours reasonably expended on the litigation"—when they "obtain[] excellent results." *Hensley*, 461 U.S. at 435–36. Results are excellent if plaintiffs achieve the ultimate goal of the litigation or obtain "substantial relief" or relief that "substantially advance[s] their . . . interests." *See Ibrahim*, 912 F.3d at 1172, 1174; *Hensley*, 461 U.S. at 431, 438 (citations omitted). Courts "should focus on the significance of the overall relief obtained," treating the case as an inclusive whole. *Hensley*, 461 U.S. at 435; *see Jean*, 496 U.S. at 161–62.

It is not "necessarily significant that a prevailing plaintiff did not receive all the relief requested. For example, a plaintiff who failed to recover damages but obtained injunctive relief, or vice versa, may recover a fee award based on all hours reasonably expended if the relief obtained justified that expenditure of attorney time." *Hensley*, 461 U.S. at 435 n.11; *see also Nat. Res. Def. Council, Inc. v. Winter*, 543 F.3d 1152, 1162–63 (9th Cir. 2008); *Ctr. for Food Safety v. Vilsack*, No. C-08-00484 JSW (EDL), 2011 U.S. Dist. LEXIS 144428, at *15–17 (N.D. Cal. Oct. 13, 2011); *Geertson Seed Farms v. Johanns*, No. C 06-01075 CRB, 2011 U.S. Dist. LEXIS 129381, at *23–26 (N.D. Cal. Nov. 8, 2011).

Similarly, plaintiffs who achieve an excellent outcome are entitled to a full fee award even if they do not prevail at every stage of litigation. *See Church of the Holy Light of the Queen v. Holder*, 584 F. App'x. 457, 458–59 (9th Cir. 2014) (awarding plaintiff fees on appeal despite losing that stage); *Geertson*, 2011 U.S. Dist. LEXIS 129381, at *20–21 & n.9 (same). "Just as time spent on losing claims can contribute to the success of other claims, time spent on a losing stage of litigation contributes to success because it constitutes a step toward victory." *Cabrales v. Cnty. of L.A.*, 935 F.2d 1050, 1052 (9th Cir. 1991). Plaintiffs' attorney should be compensated "for every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest in the pursuit of a successful recovery[.]" *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982) (citation omitted). In short, if plaintiffs achieve the fundamental aims of the litigation, a fee award "should not be reduced simply because the plaintiff failed to prevail on every contention

PLAINTIFF'S MOTION FOR AN AWARD
OF FEES AND COSTS - 15
Case No. 2:20-cv-00417-RAJ-MLP

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

CORR CRONIN, LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
(206) 625-8600

raised in the lawsuit," at every phase of the litigation, or on all remedies requested; "[t]he result is what matters." *Hensley*, 461 U.S. at 435 & n.11; *Ibrahim*, 912 F.3d at 1166, 1173, 1178, 1185.

The Conservancy is entitled to a fully compensatory fee because it fully prevailed on its claims and achieved excellent results. The Conservancy brought this case over concerns that, through the SEAK BiOp, NMFS approved harvest regimes set by the 2019 Pacific Salmon Treaty and mitigation for those fisheries without adequate ESA reviews and protections and without any NEPA procedures. Helverson Decl. ¶¶ 13, 15–16, 18–19; Becker ¶¶ 6–7, 27. Its goals were to force new ESA reviews and public vetting under NEPA. Helverson Decl. ¶ 16; Becker Decl. ¶ 7.

The Conservancy prevailed on all claims and the Court remanded the SEAK BiOp to NMFS with instructions to remedy all violations. Dkt. 111 at 25–38; Dkt. 144 at 39–40. As a result, NMFS underwent two separate public NEPA processes (including public meetings and comment periods and Tribal conferrals), culminating in two EISs—one for the fisheries and one for the prey increase program. *See* Knutsen Decl. 50, 89. In conjunction with those NEPA processes, NMFS completed two new ESA consultations and issued two new BiOps, one for the fisheries and another for the prey increase program. *See id.* at 67, 100. These additional NEPA and ESA processes paid off, as the new BiOps impose new and more stringent restrictions on the fisheries and the prey increase program intended to protect ESA-listed species. *Supra* sec. III; *see also* Fifth Knutsen Decl. 75–80, 107–12. Accordingly, the relief obtained was excellent and accomplished the goals of the lawsuit. Helverson Decl. ¶¶ 13–22; Becker Decl. ¶¶ 6–7, 27.

The Conservancy did not obtain interim relief; i.e., this Court denied a preliminary injunction and declined to vacate the prey increase program during the remand to NMFS, and the Ninth Circuit reversed vacatur of the ITS during remand. Dkt. 51 at 18; Dkt. 144 at 39–40; Dkt. 199. However, those were each "simply a temporary setback on a way to a complete victory[.]" *Cabrales*, 935 F.2d at 1053; Helverson Decl. ¶¶ 17–18; Becker Decl. ¶¶ 7, 28.

Notably, a primary reason for seeking vacatur is to ensure that the agency issues its new decision promptly instead of relying on the illegal action indefinitely. *See Ctr. for Food Safety v.*

PLAINTIFF'S MOTION FOR AN AWARD
OF FEES AND COSTS - 16
Case No. 2:20-cv-00417-RAJ-MLP

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

CORR CRONIN, LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
(206) 625-8600

*Regan*, 56 F.4th 648, 672 (9th Cir. 2022) (Miller, J., dissenting); *Nat. Res. Def. Council v. U.S. Env't Prot. Agency*, 489 F.3d 1250, 1264 (D.C. Cir. 2007) (Randolph, J., concurring). Here, the Conservancy's continued pursuit of vacatur, including on appeal, compelled NMFS to provide "repeated[] commit[ments] to fixing its errors and completing a new [BiOp]" promptly. Dkt. 199 at 8; *see also* Dkt. 150 ¶ 5; Helverson Decl. ¶¶ 17–18; Becker Decl. ¶¶ 27–28. The Ninth Circuit relied on NMFS's assurances in determining that remand without vacatur was sufficient. *See* Dkt. 199 at 8; *see also* Helverson Decl. ¶ 18. Fee reductions are unwarranted in such circumstances because the Conservancy's zealous efforts were all necessary steps to its ultimate victory and consistent with those of a reasonable lawyer. *Cabrales*, 935 F.2d at 1052–53; *Moore*, 682 F.2d at 839; Becker Decl. ¶ 28; Knutsen Decl. ¶ 52.

The Conservancy, "and the orcas and Chinook salmon it sought to protect," timely obtained "new, more protective, and publicly-vetted authorizations of the Southeast Alaska fisheries and the prey increase program." Becker Decl. ¶ 8. Thus, as the prevailing party on all claims, and because it obtained excellent results—i.e., "essentially complete relief" that "substantially advanced [its] interests" and achieved the fundamental aims of the litigation—the Conservancy is entitled to a fully compensatory fee. *Hensley*, 461 U.S. at 431; Helverson Decl. ¶¶ 13, 15, 20–22; Becker Decl. ¶¶ 7, 29.

### D. <u>The Conservancy Is Entitled to an Award of Its Costs</u>.

The Conservancy is also entitled to an award of its costs, including expert fees, under both EAJA and the ESA. 28 U.S.C. § 2412(a)(1), (d)(1)(A), (d)(2)(A); *Int'l Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985); 16 U.S.C. § 1540(g)(4); *Pac. Lumber Co.*, 163 F.R.D. at 328.

The Conservancy seeks costs in the amount of $42,410.08, as summarized in the Appendix appended hereto. These include costs and expert fees paid through the Conservancy's attorneys, expert fees paid directly by the Conservancy, and expert fees for a Conservancy-employed scientist. Knutsen Decl. ¶¶ 54–56 & pp. 30–31, 115–121; Helverson Decl. ¶¶ 30–35;

PLAINTIFF'S MOTION FOR AN AWARD OF FEES AND COSTS - 17
Case No. 2:20-cv-00417-RAJ-MLP

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

CORR CRONIN, LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
(206) 625-8600

Decl. of Eric Lindberg ¶ 14. These were reasonable and necessary litigation costs that the Court should award. *See* Knutsen Decl. ¶ 55; Becker Decl. ¶¶ 74–75; *see* Helverson Decl. ¶ 35.

## V.   CONCLUSION.

For the forgoing reasons, the Conservancy respectfully requests that the Court enter an order awarding fees and costs as requested.

**LCR 7(e) Certification**: I certify that this memorandum contains 4,196 words, in compliance with the Local Civil Rules.

Respectfully submitted this 12th day of December 2024.

KAMPMEIER & KNUTSEN, PLLC

By: s/ Brian A. Knutsen
Brian A. Knutsen, WSBA No. 38806
By: s/ Emma A. O. Bruden
Emma A. O. Bruden, WSBA No. 56280
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
Tel: (503) 841-6515 (Knutsen)
        (503) 719-5641 (Bruden)
Email: brian@kampmeierknutsen.com
        emma@kampmeierknutsen.com

By: s/ Erica L. Proulx
Erica L. Proulx, WSBA No. 60155
Paul A. Kampmeier, WSBA No. 31560
705 Second Avenue, Suite 901
Seattle Washington 98104
Tel: (206) 858-6983 (Kampmeier)
        (206) 739-5184 (Proulx)
Email: paul@kampmeierknutsen.com
        erica@kampmeierknutsen.com

CORR CRONIN, LLP

Eric A. Lindberg, WSBA No. 43596
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
Tel: (206) 625-8600
Email: elindberg@corrcronin.com

PLAINTIFF'S MOTION FOR AN AWARD
OF FEES AND COSTS - 18
Case No. 2:20-cv-00417-RAJ-MLP

KAMPMEIER & KNUTSEN PLLC
1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214
(503) 841-6515

CORR CRONIN, LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
(206) 625-8600

# APPENDIX

| SUMMARY OF ATTORNEY FEES | | | | | |
|---|---|---|---|---|---|
| **Kampmeier & Knutsen Attorney Fee Summary** | | | | | |
| **Attorney (J.D. received)** | **Year** | **Years Experience** | **Rate** | **Hours** | **Fees** |
| Brian Knutsen (2004) | 2019 | 15 | $500.00 | 54.9 | $27,450.00 |
| | 2020 | 16 | $535.00 | 520.1 | $278,253.50 |
| | 2021 | 17 | $580.00 | 449.2 | $260,536.00 |
| | 2022 | 18 | $610.00 | 319.7 | $195,017.00 |
| | 2023 | 19 | $650.00 | 634.4 | $412,360.00 |
| | 2024 | 20 | $700.00 | 352.6 | $246,820.00 |
| Emma Bruden (2016) | 2019 | 3 | $290.00 | 1.8 | $522.00 |
| | 2020 | 4 | $300.00 | 225 | $67,500.00 |
| | 2021 | 5 | $320.00 | 359.6 | $115,072.00 |
| | 2022 | 6 | $350.00 | 251.6 | $88,060.00 |
| | 2023 | 7 | $390.00 | 277 | $108,030.00 |
| | 2024 | 8 | $430.00 | 132.6 | $57,018.00 |
| Erica Proulx (2022) | 2024 | 2 | $310.00 | 88.6 | $27,466.00 |
| Jessica Durney (2018) | 2020 | 2 | $260.00 | 107.4 | $27,924.00 |
| | 2021 | 3 | $300.00 | 259.6 | $77,880.00 |
| | 2022 | 4 | $345.00 | 150.7 | $51,991.50 |
| | 2023 | 5 | $350.00 | 0 | $0.00 |
| Marriah Harrod (2022) | 2022 | 0 | $275.00 | 12.6 | $3,465.00 |
| | 2023 | 1 | $290.00 | 105.1 | $30,479.00 |
| | 2024 | 2 | $310.00 | 25 | $7,750.00 |
| Paul Kampmeier (2001) | 2019 | 18 | $545.00 | 0.4 | $218.00 |
| | 2020 | 19 | $560.00 | 5.7 | $3,192.00 |
| | 2021 | 20 | $595.00 | 10.2 | $6,069.00 |
| | 2022 | 21 | $650.00 | 7.8 | $5,070.00 |
| | 2023 | 22 | $700.00 | 12.6 | $8,820.00 |
| | 2024 | 23 | $750.00 | 13.9 | $10,425.00 |
| | | | | Total Attorney Fees: | $2,117,388.00 |
| Dakota Rash (2020) | 2019 | Law Clerk | $168.00 | 60.9 | $10,231.20 |
| Dara Illowsky (2022) | 2020 | Law Clerk | $168.00 | 196.2 | $32,961.60 |
| | | | | Total Law Clerk Fees: | $43,192.80 |
| **Total Kampmeier & Knutsen Attorney and Law Clerk Fees:** | | | | | **$2,160,580.80** |

| Corr Cronin LLP Attorney Fee Summary | | | | | |
|---|---|---|---|---|---|
| Attorney (J.D. received) | Year | Years Experience | Rate | Hours | Fees |
| Eric Lindberg (2010) | 2019 | 9 | $205.25 | 16.9 | $3,468.73 |
| | 2020 | 10 | $207.78 | 71.1 | $14,773.16 |
| | 2021 | 11 | $217.54 | 33.3 | $7,244.08 |
| | 2022 | 12 | $234.95 | 9.2 | $2,161.54 |
| | 2023 | 13 | $244.62 | 3 | $733.86 |
| | 2024 | 14 | $244.62 | 4.1 | $1,002.94 |
| Benjamin Byers (2017) | 2019 | 2 | $205.25 | 23.6 | $4,843.90 |
| | 2020 | 3 | $207.78 | 99.1 | $20,591.00 |
| | 2021 | 4 | $217.54 | 34.7 | $7,548.64 |
| | 2022 | 5 | $234.95 | 4.5 | $1,057.28 |
| Total Corr Cronin Attorney Fees: | | | | | $63,425.12 |
| Moot Attorney Fee Summary | | | | | |
| Attorney (J.D. received) | Year | Years Experience | Rate | Hours | Fees |
| George Kimbrell (2004) | 2024 | 20 | $700.00 | 7 | $4,900.00 |
| Peter M. Lacy (2001) | 2024 | 23 | $750.00 | 10.1 | $7,575.00 |
| Total Moot Attorney Fees: | | | | | $12,475.00 |
| Total Attorney and Law Clerk Fees: | | | | | $2,236,480.92 |

| SUMMARY OF COSTS AND EXPERT FEES | | |
|---|---|---|
| **Costs Paid by Kampmeier & Knutsen, PLLC** | | |
| **Date** | **Item** | **Case Costs** |
| 1/9/2020 | postage for notice letter | $38.00 |
| 3/18/2020 | district court filing fee | $400.00 |
| 3/19/2020 | postage for service of summonses and complaint | $58.80 |
| 4/22/2020 | FedEx costs for copying and mail judge's copies of PI filings | $86.26 |
| 6/16/2020 | invoice for transcript from hearing before Magistrate on motion for preliminary injunction | $277.95 |
| 12/23/2020 | postage to send WFC flashdrive with materials from NMFS re: PST funds | $5.59 |
| 6/10/2021 | Invoice for Expert Work from Gordon Luikart | $3,080.00 |
| 8/19/2021 | invoice for transcript from summary judgment hearing | $331.50 |
| 8/31/2021 | second invoice for transcript from summary judgment hearing | $8.50 |
| 5/12/2022 | invoice from Dr. Luikart for 5/1/2022 invoice for work on third declaration | $990.00 |
| 11/7/2022 | invoice for transcript of hearing on remedy motion | $419.65 |
| 5/4/2023 | Ninth Circuit Cross Appeal filing fee | $505.00 |
| 12/6/2023 | invoice for copying and delivery of first appellate brief and supplemental excerpts of record | $760.83 |
| 3/1/2024 | invoice for copying and delivery of appellate reply brief and further excerpts of record | $162.09 |
| 5/16/2024 | flight to SF for 9th Circuit argument in July | $712.38 |
| 5/19/2024 | hotel reservations for 9th circuit argument in San Fransisco | $835.56 |
| 7/18/2024 | transportation costs for EB and BAK for 9th Circuit argument in San Francisco (Uber/BART/Taxis) | $208.87 |
| 7/18/2024 | meal costs for EB and BAK for 9th Circuit argument in San Francisco | $282.10 |
| 11/22/2024 | invoice from D. Becker for declaration iso fee petition | $14,925.00 |
| **Total Costs Paid by Kampmeier & Knutsen:** | | **$24,088.08** |
| **Costs Paid by Corr Cronin, LLP** | | |
| | Teleconference and Legal Research Services | **$658.00** |

| Costs Paid by Wild Fish Conservancy | | |
|---|---|---|
| **Invoice Date** | **Item** | **Payee** |
| 4/18/2020 | Invoice from Dr. Robert Lacy; PVA analysis for SRKWs | $4,000.00 |
| 6/7/2022 | Invoice from Dr. Hans Radtke; Economic analysis and declaration work | $3,000.00 |
| 6/7/2022 | Invoice from The Research Group (Shannon Davis) Economic modeling in collaboration with Dr. Radtke | $9,000.00 |
| **Total Costs Paid by Wild Fish Conservancy:** | | **$16,000.00** |
| **Wild Fish Conservancy In-House Expert Fees** | | |
| **Expert** | **Work Performed** | **Fees** |
| N. Gayeski, Ph.D. | prepared declaration in support of Ninth Circuit motion for injunction pending appeal | **$1,664.00** |
| **Total Costs and Expert Fees:** | | **$42,410.08** |